MATTER OF S—

In DEPORTATION Proceedings

A-12662238

*Decided by Board March 27, 1962*

Adjustment of status—Section 245, as amended—Eligibility—Admission gained by false claim to citizenship.

An alien who gained admission to the United States by a knowing false claim to United States citizenship has *not* been inspected as an alien. Therefore, he is not eligible for adjustment of status under section 245 of the Act, as amended, since he has not been "inspected and admitted" as required by that section. (Overrules *Matter of T—*, 9—478.)

CHARGE:

Order: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2)]—Entered without inspection.

## BEFORE THE BOARD

DISCUSSION: The special inquiry officer ordered respondent deported on the ground stated above and certified the case for final decision.

Respondent, a 28-year-old divorced male, a native and citizen of Germany, first entered the United States (October 1954), and on several occasions thereafter, by willfully and falsely claiming that he was a citizen of the United States. He last entered the United States in January 1960 claiming to have been born in the United States.

After evidence had been presented at the deportation hearing to establish that the respondent last entered by willfully and falsely claiming birth in the United States, counsel moved for postponement of proceedings so that he could file an application under section 245 of the Act (8 U.S.C. 1255) which provides for the adjustment of the status of an alien "who was *inspected* and admitted or paroled into the United States * * *." (Emphasis added.) The special inquiry officer denied the request on the ground that the respondent was ineligible for the relief because one who entered on a willful false claim to birth in the United States avoided the inspection required by the immigration laws and was, therefore, deportable as an alien who entered *without inspection* (*Matter of E—*, 6—275). The special

599

inquiry officer considered two cases decided by the Service which dealt with the eligibility for adjustment of status of one deportable as having entered without inspection because the entry had been made upon a false claim to United States citizenship. *Matter of K—B—N—*, 9—50 (Oct. 3, 1960), held that an alien who obtained entry by falsely claiming United States citizenship had entered without inspection and, therefore, was not eligible under section 245 of the Act which related only to aliens who had been "inspected" and admitted. *Matter of T—*, 9—478 (Sept. 8, 1961, Commissioner), overruled *Matter of K—B—N—*, *supra*, insofar as it held that one who had gained admission by falsely stating to an immigration officer that he was a citizen of the United States had not been inspected within the meaning of section 245 of the Act. However, the special inquiry officer ruled that *Matter of K—B—N—*, *supra*, correctly interpreted the law and refused to follow *Matter of T—*, *supra*.

Counsel contends that *Matter of T—*, *supra*, correctly sets forth the present views and should be accepted by the special inquiry officer. He further contends that since the respondent was questioned and examined, he was inspected at the time of his last admission and is, therefore, eligible for relief under section 245 of the Act.

The special inquiry officer is bound only by precedent decisions of this Board (8 CFR 3.1(g)). Normally, published decisions of the Commissioner will be accepted initially concerning issues over which the Commissioner formerly exercised final appellate jurisdiction; but ultimately, the weight a special inquiry officer should accord to published decisions of the Commissioner in an area in which the Commissioner does not make the final decision for the Attorney General, depends upon the persuasive value of the reasoning therein. Hence, we see no error in the action of the special inquiry officer.

The immigration laws contemplate that an alien seeking admission to the United States be inspected for the purpose of determining his admissibility. The term "inspection" has been judicially defined as it relates to one who entered upon a false claim to United States citizenship. Concerning such an individual the court said:

. . . The fact that the alien made himself visible to an officer of the immigration service at the time he crossed the line, and that he crossed with other persons then entering the United States, is the basis for the claim that the requirement as to inspection was satisfied. "Inspection," to my mind, as used in the Immigration Act, means that the immigration officers are given the opportunity to check the right of the alien to enter the United States when he presents himself *as an alien*.

In the petitioner's case, he, with a pending examination before him, evaded such examination, and by subterfuge and misrepresentation succeeded in passing into the United States. He did not, at the point of his entry, present himself as an alien ready to submit proofs of his right to enter. By his misrepresentation alone he avoided the "inspection" which the act contemplates

every alien shall be subjected to. . . (*Ex parte Saadi*, 23 F.2d 334, 336, aff'd 26 F.2d 458, cert. den. 278 U.S. 616)

We have followed this rule consistently for a long period (*Matter of C—V—*, 1—385 (1943)). We are bound to follow this rule in the absence of a clear directive from Congress to the contrary. Section 241(a)(2) of the 1952 Act provides for the deportation of an alien who "entered the United States without inspection or at any time or place other than as designated * * *." This is a paraphrase of the law as it existed prior to the Act of 1952 (Act of February 5, 1917, section 19(a) (39 Stat. 874)). It is quite evident, therefore, that Congress intended the term "inspection" to have the same meaning as it had in previous laws. Since the term "inspected" in section 245 of the Act can have no other meaning than that an alien presented himself before a proper official of the Immigration Service for inspection as an *alien* and since the respondent did not do this, he is not eligible for relief under section 245 of the Act.

To the extent that *Matter of T—*, 9—478, holds that admission of an alien as a United States citizen upon a willful false claim to United States citizenship constitutes an inspection, it is overruled.

**ORDER:** It is ordered that no change be made in the order of the special inquiry officer.