## MATTER OF WOO

### In Deportation Proceedings

#### A-13693799

*Decided by Board July 11, 1966*

Respondent, who gained admission to the United States upon the basis of a knowing and willful false claim to United States citizenship, has not been "inspected and admitted" within the meaning of section 245. Immigration and Nationality Act, as amended, and, therefore, is statutorily ineligible for adjustment of status under that section. [*Matter of S—*, 9 I. & N. Dec. 599, reaffirmed.]

CHARGE:

Order: Act of 1952—Section 241(a)(1) [8 U.S.C. 1251(a)(1)]—Excludable at entry under 8 U.S.C. 213(a) [1946 Ed.]—No immigration visa.

This case is before us on appeal from a decision of a special inquiry officer denying the application under section 245 of the Immigration and Nationality Act, granting voluntary departure and directing deportation if the respondent fails to depart voluntarily.

The respondent is a 35-year-old unmarried male, native and citizen of China, who last entered the United States on November 29, 1949 at which time he secured entry on the claim that he was a United States citizen. Actually, he has never been a citizen and he was not in possession of an immigration visa at the time of entry. The respondent conceded deportability on the charge stated in the order to show cause. The special inquiry officer denied the application for adjustment of status under section 245 on the ground that the respondent does not meet the statutory requirement concerning inspection at the time of entry. The sole issue is whether the special inquiry officer's action was correct.

We have carefully considered counsel's contentions in his brief on appeal. With respect to the citation of *Tibka v. Immigration and Naturalization Service*, 335 F.2d 42 (2d Cir., 1964), and *Costello*

v. *Immigration and Naturalization Service*, 376 U.S. 120 (1964), these cases bear no analogy to that of the respondent. Although the matter is not particularly material, we note that counsel asserts that the respondent presented himself to the immigration officers at Hong Kong whereas the record indicates that he actually appeared before immigration officers at San Francisco, California, the United States port of entry.

The important question in this case relates to the language in section 245 limiting the adjustment of status to an alien "who was inspected and admitted or paroled into the United States". Counsel contends that the respondent should be considered as having been inspected. We fully considered this question in *Matter of S—*, 9 I. & N. Dec. 599 (1962), and concluded that an alien who gained admission to the United States by making a knowing and willful false claim to citizenship has not been inspected as an alien and is not eligible under section 245. As stated in *Matter of F—*, 9 I. & N. Dec. 54, a decision of a Regional Commissioner on September 16, 1960 citing two unreported decisions of this Board, there is an exception to this rule where the alien did not willfully make a false claim to citizenship and honestly believed that she was a United States citizen when she applied for admission. However, the record shows clearly that the respondent is not within this exception and counsel has not contended otherwise. The respondent was over 18 years of age when he entered the United States on November 29, 1949. It appears from his application under section 245 and from his testimony at the hearing on February 4, 1966 that his true name is Gar Hong Woo; that his true father is Chong Lin Woo; that, at the time of entry, the respondent stated that his own name was Gar Hong Chin; that he then claimed that his father was Gim Seung Chin; that the latter was actually his uncle and a United States citizen; and that he used the family name Chin instead of his own family name of Woo in order to enter as the son of a citizen.

Since we are satisfied that the respondent was aware, at the time of entry, that he was not a United States citizen and that the false claim of citizenship was made knowingly and willfully, we hold that his case is governed by our decision in *Matter of S—*, *supra*, and that he is not eligible for adjustment of status under section 245 of the Immigration and Nationality Act. Accordingly, the appeal will be dismissed.

ORDER: It is ordered that the appeal be and the same is hereby dismissed.