## Matter of Wong

## In Deportation Proceedings

## A-14490364

## *Decided by Board May 23, 1968*

The term "inspected" within the purview of section 245 of the Immigration and Nationality Act, as amended, means that an alien presented himself before a proper official of the Immigration Service for inspection as an alien or if he presented himself as a United States citizen he honestly and truthfully believed he was a citizen [*Matter of Wong*, 11 I. & N. Dec. 712, reaffirmed]. Hence, respondent, who was admitted to the United States upon a knowing false claim to citizenship has not been "inspected and admitted" within the meaning of section 245 of the Act and, therefore, is statutorily ineligible for adjustment of status under that section.

CHARGE:

Order: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2)]—Entered without inspection.

| ON BEHALF OF RESPONDENT: | ON BEHALF OF SERVICE: |
|---|---|
| Nathan T. Notkin, Esquire. | Maurice Glover |
| 11 South La Salle Street | Trial Attorney |
| Chicago, Illinois 60603 | |
| (Brief filed) | |

The case is before us on appeal from the decision of the special inquiry officer finding respondent deportable as charged, denying his application for adjustment of status under section 245, Immigration and Nationality Act, and granting the privilege of voluntary departure with an alternative order of deportation to the Republic of China on Formosa if respondent did not leave the United States as and when directed. The appeal is from that portion of the order denying respondent's application for adjustment of status under section 245.

The respondent is a 34-year-old married male alien, a native and citizen of China, who was admitted to the United States at Honolulu, Hawaii on or about July 14, 1962 upon a false claim to United States citizenship. Respondent admitted the allegations of fact contained in the order to show cause and he conceded that he is deportable as charged.

733

After the original deportation hearing on December 7, 1966 the proceedings were reopened upon respondent's motion for consideration of an application for adjustment of status under section 245 of the Act, which application was denied by the special inquiry officer on January 15, 1968. The instant appeal ensued.

The special inquiry officer found that respondent was not statutorily eligible for adjustment of status for the reason that he was not inspected and admitted to the United States as required by the provisions of section 245. He found that the respondent secured admission to the United States when he first arrived on September 20, 1950 and then later when he entered on July 14, 1962 upon the basis of a knowing and willful false claim to United States citizenship. It is settled law that one who enters the United States upon his knowing false claim to citizenship has not been "inspected" pursuant to the provisions of section 245 of the Immigration and Nationality Act, as amended.[1] In *Matter of Wong*, 11 I. & N. Dec. 712, we affirmed previous decisions made by the Board dating back to 1946 that an alien who honestly believed that he was a citizen and appeared before an immigrant inspector can properly be considered to have been inspected within the meaning of the immigration laws but that if he knowingly and willfully falsely claims United States citizenship he was not inspected. Counsel contends that we should at this time abandon this position and hold that it should not make any difference whether the alien believed or did not believe he was a citizen and that he should in both instances be considered as having been inspected. We will not deviate from our previous position in this matter but we reaffirm our holdings that the term "inspected" in section 245 of the Act can have no other meaning than that an alien presented himself before a proper official of the Immigration Service for inspection as an *alien* or if presenting himself as a United States citizen, he honestly and truthfully believed he was a citizen.

The sole question of fact for determination is whether respondent honestly believed that he was a citizen of the United States when he entered or whether he knew that he was not a citizen but still gained entry by claiming citizenship. A most careful review of the record leads us to the conclusion reached by the special inquiry officer that respondent was aware that he was not a citizen when he claimed that he was upon entry. A personal history statement was given by respondent on February 1, 1966 to the Immigration and Naturalization Service, (Ex. 4). This statement was given at a time when

---

[1] *Goon Mee Heung* v. *Immigration and Naturalization Service*, 380 F.2d 236, (1st Cir., 1967); *Matter of S—*, 9 I. & N. Dec. 599; *Matter of Woo*, 11 I. & N. Dec. 706.

respondent had surrendered for cancellation the Certificate of United States Citizenship previously issued to him and was attempting to regularize his immigration status. The statement was in the nature of a confession as to respondent's true identity and immigration history and in the statement he says he knew when he entered the United States in 1950 and again in 1962 that his alleged "father" through whom he claimed United States citizenship was not in fact his father (Ex. 4, pp. 10, 12). At the reopened hearing subsequently held respondent contradicted these statements and others made by him under oath when he gave the personal history statement in February 1966. The special inquiry officer found that respondent's testimony at the reopened hearing was not credible or worthy of belief. The hearing officer enjoys an inestimable advantage of seeing and hearing the witness and judging his demeanor and is in the best position to determine the accuracy, reliability and truthfulness of his testimony.[2]

There is no basis for overruling the decision of the special inquiry officer. Accordingly we will dismiss the appeal.

**ORDER:** It is ordered that the appeal be and the same is hereby dismissed.

---

[2] *Todaro* v. *Pederson*, 205 F. Supp. 612, 615 (U.S.D.C., N.D. Ohio, 1961), affirmed 305 F.2d 377 (6th Cir., 1962), cert. den. 371 U.S. 891 (1962). See also *Matter of T—*, 7 I. & N. Dec. 417.