[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 30, 2005
THOMAS K. KAHN
CLERK

_____

No. 05-12683
Non-Argument Calendar

_____

BIA No. A75-852-973

MEGNUN WASHINGTON,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

(December 30, 2005)

Before ANDERSON, BIRCH and PRYOR, Circuit Judges.

PER CURIAM:

Megnun Washington petitions for review of the final order of the Board of Immigration Appeals that affirmed the decision of the Immigration Judge to deny Washington's application to terminate removal proceedings and to adjust her status. Washington argues that the decision of the IJ, adopted by the BIA, was not supported by substantial evidence. We deny the petition.

## I. BACKGROUND

Washington, a citizen of Guyana, entered the United States in September 1997. In September 2000, the Immigration and Naturalization Service issued a Notice to Appear and alleged that Washington was removable for being an alien present in the United States without being admitted or paroled, 8 U.S.C. § 1182(a)(6)(A)(i), and for seeking to procure an immigration benefit by fraud or willful misrepresentation of a material fact, 8 U.S.C. § 1182(a)(6)(C)(i). To support the latter charge, the INS alleged that Washington filed a false marriage license to qualify for a change in status.

At her hearing before the IJ on July 11, 2003, Washington testified that she is a citizen of Guyana but argued she had been admitted to the United States. Washington testified that, in September 1997, she traveled to Canada using her Guyanese passport. She stated that, while she was in Canada, a friend introduced her to an unidentified man who drove her across the United States border. Washington testified that the car was stopped at the border checkpoint, the man

2

was questioned by the inspector, the inspector noticed Washington was in the rear seat of the car, and the inspector permitted the car to enter the United States. Washington stated that she did not know where she crossed the border but once she was across she took a bus to New York City.

The Department of Homeland Security produced an application for permanent residence that was filed in January 1998 with Washington's name on it. The application stated that she had married "Julius Washington," a citizen of the United States. Washington confirmed that the application contained her name, her date and place of birth, her father's name, and her employment. On further questioning, however, Washington asserted her Fifth Amendment right against self-incrimination. She declined to answer how she obtained the surname "Washington" when her passport bore the name "Girard;" whether she had ever applied to become a lawful permanent resident of the United States; whether she was married to an individual named Julius Washington; and whether she had ever applied for a marriage license. The Department presented a marriage certificate bearing the same "audit control number" as the license filed with Washington's name on it but listing different names for the bride and groom. The Department also presented an affidavit that described material errors in Washington's marriage license and identified the address listed on the marriage license as one associated with a marriage fraud ring.

3

While Washington's removal proceeding was pending, a petition to change her status to that of a permanent resident was filed on her behalf. See 8 U.S.C. § 1255. Her application stated that she was currently in removal proceedings. Washington's application was approved on July 17, 2003.

Washington moved the IJ to dismiss the second charge of the Notice to Appear on the ground that the Department had implicitly found that she had not engaged in marriage fraud in her 1998 application for change of status when it approved her 2003 application for change of status. See 8 U.S.C. § 1255(e). The IJ denied this motion. The IJ also found that Washington's testimony was not credible and that she failed to overcome her burden to show that she had been admitted to the United States. The IJ also found that the Department offered sufficient proof that Washington submitted a false marriage license to support her 1998 filing for change of status. The IJ sustained both charges of removability and denied Washington's application for termination of removal and change of status.

Washington appealed to the BIA. The BIA affirmed the decision of the IJ without opinion.

## II.  STANDARD OF REVIEW

"When the BIA issue[s] an affirmance without an opinion, the immigration judge's decision became the final order subject to review." Lonyem v. United States Att'y Gen., 352 F.3d 1338, 1340 (11th Cir. 2003). This Court reviews de

4

novo the interpretation of the IJ of applicable statutes, but we defer to the interpretation of the IJ if that interpretation is reasonable. Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). We apply the "substantial evidence test, which dictates "[t]he immigration judge's administrative findings of fact are conclusive unless a reasonable factfinder would be compelled to conclude to the contrary." Lonyem, 352 F.3d at 1340. "Credibility determinations likewise are reviewed under the substantial evidence test." D-Muhumed v. U.S. Att'y Gen., 388 F.3d 814, 818 (11th Cir. 2004).

## III.  DISCUSSION

Washington presents two arguments in her petition. First, Washington argues that she met her burden to prove that she was admitted to the United States. Second, Washington contends that the Department failed to meet its burden to prove that she had made a fraudulent or willful misrepresentation in her 1998 application for change of status. We address each argument in turn.

### A.  Washington Is Subject to Removal for Being an Alien Present in the United States Without Being Admitted.

Washington argues that the IJ erroneously concluded that she was subject to removal for being "an alien present in the United States without being admitted or paroled." 8 U.S.C. § 1182(a)(6)(A)(i). When the Department has proved the alienage of the applicant, the burden shifts to the applicant to show she was

5

admitted.  See 8 U.S.C. § 1361.  "Admitted" means "the lawful entry of the alien into the United States after inspection and authorization by an immigration officer."  8 U.S.C. § 1101(a)(13)(A).

At the hearing, Washington offered only her testimony, but that testimony was not credible.  Washington testified that a man drove her across the border at a checkpoint, but Washington also testified that she knew neither the name of the man nor where they crossed the border.  Washington stated she did not speak to the inspector and she had no knowledge of what the driver said to the inspector. Washington correctly argues that an applicant's testimony alone, if credible, could constitute sufficient proof of admission, see Areguillin, 17 I. & N. Dec. 308, 310 (1980), but the IJ concluded that Washington was not credible.  We cannot say the evidence compels a contrary conclusion.

### B.  Washington is Subject to Removal for Fraudulently Seeking to Procure an Immigration Benefit.

Washington argues that the IJ erroneously concluded that she was subject to removal for being an "alien who, by fraud or willfully misrepresenting a material fact, . . . sought to procure . . . a visa, other documentation, or admission into the United States or other [immigration] benefit."  8 U.S.C. § 1182(a)(6)(C)(i). Washington's argument is twofold.  First, she contends that by granting her application for change of status, the Department implicitly found that she had not

committed fraud. Second, she argues that the Department failed to meet its burden of proof. We address each argument in turn.

Washington's argument that, by granting her 2003 application for change of status, the Department implicitly made a finding that she had not committed fraud in her 1998 application for change of status fails. The Immigration and Naturalization Act provides that "no petition [for change of status] shall be approved if . . . (2) the Attorney General has determined that the alien has attempted or conspired to enter into a marriage for the purpose of evading the immigration laws." Id. § 1154(c). Even if the IJ were bound by an "implicit finding" of the Department, section 1154(c)(2) is inapposite. The Department, in its removal petition, did not allege that Washington "attempted or conspired to enter into a marriage;" rather, the Department alleged that Washington submitted a falsified license in support of her 1998 application.

Washington's second argument that the Department failed to satisfy its burden of proof also fails. The Department had to prove by clear and convincing evidence that the alien "by fraud or willfully misrepresenting a material fact, seeks to procure (or has sought to procure or has procured) a visa, other documentation, or admission into the United States or other [immigration] benefit." Id. § 1182(a)(6)(C)(i). "We apply the substantial evidence test even when, as in this case, the government is required to prove its case by clear and convincing evidence

7

in the administrative forum." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004), cert. denied, ___ U.S. ___, 125 S. Ct. 2245 (2005). The Department submitted evidence that an application for change of status based on marriage to a United States citizen was filed under Washington's name in 1998, the application contained a marriage license that bore Washington's name, and the marriage license was fraudulent. When documents bear the name of the applicant and the applicant does not deny that the documents pertain to her, the documents are "clearly relevant and clearly probative." Ramirez-Sanchez, 17 I. & N. Dec. 503, 506 (BIA 1980). Because the statute does not require the Department to prove reliance, Washington is subject to removal even though the INS denied the 1998 application. See 8 U.S.C. § 1182(a)(6)(C)(i) (encompassing misrepresentations made by any alien who "seeks to procure (or has sought to procure or has procured)" an immigration benefit).

## IV. CONCLUSION

We deny Washington's petition.

**PETITION DENIED**.