FILED
United States Court of Appeals
Tenth Circuit

April 15, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

RICARDO MARTINEZ-OSOGOBIO,

Petitioner,

v.

ERIC H. HOLDER, JR., United States
Attorney General,

Respondent.

No. 09-9532
(Petition for Review)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **BALDOCK**, and **HOLMES**, Circuit Judges.

An immigration judge (IJ) found petitioner Ricardo Martinez-Osogobio

removable under 8 U.S.C. § 1182(a)(6)(A)(i), denied his request for voluntary

departure, and ordered him removed to Mexico. After the BIA dismissed

Mr. Martinez-Osogobio's appeal, he petitioned this court for review. We deny

the petition for review.

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## Background

On September 17, 2008, Mr. Martinez-Osogobio was convicted of criminal impersonation in violation of Colo. Rev. Stat. § 18-5-113(1)(e) and sentenced to 160 days in jail. The Department of Homeland Security (DHS) thereafter issued him a notice to appear, charging him as subject to removal as (1) "[a]n alien present in the United States without being admitted or paroled," 8 U.S.C. § 1182(a)(6)(A)(i), and (2) an alien who has been "convicted of . . . a crime involving moral turpitude," 8 U.S.C. § 1182(a)(2)(A)(i)(I), namely, criminal impersonation. At a preliminary hearing before an IJ, Mr. Martinez-Osogobio admitted he is a native and citizen of Mexico and that he entered the United States on February 1, 1999, at or near El Paso, Texas. But, he denied that he had not been lawfully admitted, denied that he had been convicted of criminal impersonation, and denied the two charges in the notice to appear.

At a subsequent merits hearing, Mr. Martinez-Osogobio offered his affidavit to establish his lawful presence in the United States pursuant to a prior admission into the country. In the one-page affidavit dated October 15, 2008, Mr. Martinez-Osogobio states: "I think I was about 12 years old when I first arrived in the United States . . . . I took the bus from Mexico City to Ciudad Juarez with my godfather, Ramon," knowing that "I was on my way to the United States to see my mother." Admin. R. at 142, ¶¶ 1-2. Upon arriving in Ciudad Juarez, he and his godfather met a couple who told him they would take him to

his mother in the United States. *Id.*, ¶ 3. The affidavit explains, "I later found out that the man was my mother's boyfriend . . . Alejandro Lopez." *Id.* As to the specific circumstances of his entry into the United States, the affidavit states:

> I remember standing in line to enter the United States. We stood in line and [immigration] officers were checking people as they entered the United States. . . . When it was our turn to speak with [an] officer, [the couple] did all of the talking. I do not know what they said to the officer, as I did not speak English [at that time]. When they were finished speaking to the officer, he let us through the border. . . . The next morning, we took the bus . . . to Colorado.

*Id.*, ¶¶ 4-7.

After reviewing the affidavit the IJ explained, "the problem is [Mr. Martinez-Osogobio] admitted nativity. The burden is his, and all he submitted with regard to that is an affidavit, which I will give due weight to, but it's nonetheless self-serving." *Id.* at 109. Mr. Martinez-Osogobio's counsel responded, "Right[,]" and asked "if the court would like to hear directly from [his client]." *Id.* The IJ declined, stating: "Unless there's going to be something other than what's in his affidavit, . . . it's not going to change the result." *Id.* Mr. Martinez-Osogobio's counsel replied, "I understand, Your Honor," but submitted his client "had no document when he came in. He crossed the border, he was inspected by an [i]mmigration officer . . . , and under *Matter of* [*Areguillin*, 17 I&N Dec. 308 (BIA 1980)], that's [a] lawful entry." Admin. R. at 109. The IJ was not persuaded.

At the conclusion of a second merits hearing, the IJ rendered an oral decision sustaining the charge of removability under 8 U.S.C. § 1182(a)(6)(A)(i). The IJ did not, however, sustain the charge of removability under 8 U.S.C. § 1182(a)(2)(A)(i)(I). The IJ denied voluntary departure and ordered Mr. Martinez-Osogobio removed to Mexico.

The BIA, in a brief decision issued by a single member, dismissed Mr. Martinez-Osogobio's appeal.[1] In so doing, the BIA recounted the contents of the affidavit and agreed with the IJ's

> legal conclusion that [Mr. Martinez-Osogobio] did not meet his burden of proving by clear and convincing evidence that he is lawfully present in the United States pursuant to a prior admission, notwithstanding our holding in *Matter of Areguillin*, 17 I&N Dec. 308 (BIA 1980), a case that pre-dates the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 . . . .

Admin. R. at 3 (citing 8 U.S.C. § 1229a(c)(2)(B), and 8 C.F.R. § 1240.8(c)). The BIA explained, "even taking [Mr. Martinez-Osogobio's] sworn statements as credible, we agree with the Immigration Judge that his uncorroborated testimony is insufficient to meet his burden under the 'clear and convincing evidence' standard for demonstrating lawful presence after a prior admission . . . ." *Id.* Accordingly, the BIA concurred with the IJ's determinations that Mr. Martinez-Osogobio "is inadmissible" under 8 U.S.C. § 1182(a)(6)(A)(i), and

---

[1] As noted by the BIA, DHS did not challenge the IJ's finding that Mr. Martinez-Osogobio's conviction for criminal impersonation did not constitute a crime involving moral turpitude under 8 U.S.C. § 1182(a)(2)(A)(i)(I).

"that voluntary departure is not warranted as a matter of discretion." *Id.* This petition for review followed.

## Discussion

The BIA's single-member decision dismissing Mr. Martinez-Osogobio's agency appeal "constitutes a final order of removal which we review pursuant to 8 U.S.C. § 1252(a)(1) and (b)(2)." *Witjaksono v. Holder*, 573 F.3d 968, 973 (10th Cir. 2009). We consider "the BIA's legal determinations de novo, and findings of fact under a substantial-evidence standard." *Razkane v. Holder*, 562 F.3d 1283, 1287 (10th Cir. 2009). Although the immediate object of our review is the BIA's decision, "[w]e may consult the oral decision of an IJ to the extent the BIA's order incorporates its reasoning." *Witjaksono*, 573 F.3d at 973.

When an alien, like Mr. Martinez-Osogobio, is charged with being subject to removal under 8 U.S.C. § 1182(a)(6)(A)(i), DHS has the burden of establishing alienage. 8 C.F.R. § 1240.8(c). And when, as here, alienage is established by a voluntary admission before an IJ, the burden shifts to the alien to establish "by clear and convincing evidence" that he "is lawfully present in the United States pursuant to a prior admission." 8 U.S.C. § 1229a(c)(2)(B); 8 C.F.R. § 1240.8(c) (same). He also has the burden of "show[ing] the time, place, and manner of his entry into the United States." 8 U.S.C. § 1361.

Mr. Martinez-Osogobio contends the IJ and BIA applied an "inappropriately stringent" standard in holding his affidavit insufficient to

establish his lawful presence, and that he was erroneously required "to corroborate his entry with a document clearly not available to him." Pet'r Opening Br. at ii. These arguments are misplaced.

First, our review of the pertinent material evidences both the IJ and the BIA were aware of, and applied, the applicable clear-and-convincing standard of review in concluding that Mr. Martinez-Osogobio had not proved he was lawfully present in the United States pursuant to a prior admission. Second, and contrary to Mr. Martinez-Osogobio's assertion, the IJ did not—in alleged contravention of *Matter of Areguillin*—demand an "entry record," and he did not make "his decision on the *sole basis* that [Mr. Martinez-Osogobio] could not produce this requested corroboration." Pet'r Opening Br. at 14-15 (emphasis added). Rather, the IJ expressed concern that Mr. Martinez-Osogobio did not offer *any* evidence to corroborate his sworn statement regarding his border-crossing. Indeed, when counsel for Mr. Martinez-Osogobio expressly asked the IJ if he was inclined to sustain the charge under § 1182(a)(6)(A)(i) "based purely" on the fact "that there's not a record of [entry]," the IJ responded, "He didn't meet his burden of showing the time, place, and manner of his last lawful entry into the United States. It's just a matter of failing to meet his burden." Admin R. at 113. Thus, we hold that the BIA did not err by agreeing with the IJ's determination that the charge against Mr. Martinez-Osogobio under § 1182(a)(6)(A)(i) should be sustained because his uncorroborated affidavit failed to demonstrate by clear and

convincing evidence that he was lawfully present in the United States pursuant to a prior admission.

Mr. Martinez-Osogobio also asserts that his due process rights were violated by the IJ's "unfounded bias on the issue of uncorroborated testimony," Pet'r Opening Br. at 18, and by the IJ's refusal to entertain his oral testimony. He also contends that the BIA failed to meaningfully review the IJ's decision or address his complaint that he was prevented from testifying. He maintains that these deficiencies deprived him of a fundamentally fair proceeding and prejudiced the outcome.

We have held that "[a]n alien in removal proceedings is entitled only to the Fifth Amendment guarantee of fundamental fairness. Therefore, when facing removal, aliens are entitled only to procedural due process, which provides the opportunity to be heard at a meaningful time and in a meaningful manner." *Schroeck v. Gonzales*, 429 F.3d 947, 952 (10th Cir. 2005) (citation and quotations omitted). *See also Brue v. Gonzales*, 464 F.3d 1227, 1233-34 (10th Cir. 2006).

Mr. Martinez-Osogobio did not explicitly assert any violation of his constitutional rights before the BIA. The two so-called constitutional issues he raises here are nothing more than a recasting of his arguments to the BIA that the IJ erroneously rejected his affidavit as uncorroborated and "erred in not taking [his] oral testimony." Admin. R. at 43-44. The BIA rejected these arguments and, as we have already held, did not err. To the extent Mr. Martinez-Osogobio's

due process claims add anything material, over and above the objections raised to and rejected by the BIA in nonconstitutional terms, the claims were not exhausted and are therefore beyond our review. *Vicente-Elias v. Mukasey*, 532 F.3d 1086, 1094 (10th Cir. 2008) ("[O]bjections to procedural errors or defects that the BIA could have remedied must be exhausted even if the alien later attempts to frame them in terms of constitutional due process on judicial review.").

## Conclusion

For the reasons stated above, we conclude that the BIA did not err in dismissing Mr. Martinez-Osogobio's appeal. The petition for review is therefore DENIED.

Entered for the Court

Jerome A. Holmes
Circuit Judge