NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 20 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE LUIS LOPEZ-ESPINDOLA, <br><br> Petitioner, <br><br> v. <br><br> JEFFREY A. ROSEN, Acting Attorney General, <br><br> Respondent. | No.    17-71514 <br><br> Agency No. A034-014-376 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 14, 2021**
Pasadena, California

Before:  FRIEDLAND and BENNETT, Circuit Judges, and BLOCK,*** District Judge.

Petitioner Jose Luis Lopez-Espindola, a citizen of Mexico and former

Lawful Permanent Resident ("LPR") of the United States, seeks review of a Board

---

*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**        The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

***        The Honorable Frederic Block, United States District Judge for the Eastern District of New York, sitting by designation.

of Immigration Appeals ("BIA") decision ordering his removal and denying his application for adjustment of status.

The BIA and two immigration judges ("IJs") found Petitioner removable as an alien "who is not in possession of a valid unexpired immigrant visa, reentry permit . . . or other valid entry document." 8 U.S.C. § 1182(a)(7)(A)(i)(I); *see id.* § 1227(a)(1)(A). Petitioner makes two arguments against removal. First, he argues that the Government is estopped from "relitigating" the validity of his LPR card and status because an IJ upheld the same when the IJ terminated a prior removal proceeding in 1990. Second, he claims that the record contains insufficient evidence of removability.

As to the first argument, the validity of Petitioner's LPR status was not at issue in the 1990 removal proceeding, which was initiated based on a charge of "Entry Without Inspection" in violation of former INA § 241(a)(2). A.R. 245. *See* Immigration and Nationality (McCarran-Walter) Act, Pub. L. No. 82-414, § 241(a)(2), 66 Stat. 163, 204 (1952) (codified as amended at 8 U.S.C. § 1251(a)(1)(B) (1994)). In *Reid v. INS*, the Supreme Court held that former INA "Section 241(a)(2) establishes as a separate ground for deportation, quite independently of whether the alien was excludable at the time of his arrival, the failure of an alien to present himself for inspection at the time he made his entry." 420 U.S. 619, 623 (1975). Put another way, an alien may avoid deportation under

former INA § 241(a)(2) merely by presenting himself for inspection, regardless of whether he possesses a valid visa or immigration status. *See Matter of Areguillin*, 17 I. & N. Dec. 308, 309-10 (BIA 1980). Accordingly, the IJ's order dismissing the charge of "Entry Without Inspection" established only that Petitioner entered the United States after inspection by an immigration officer. *See* A.R. 254-60. It did not affirmatively uphold Petitioner's LPR status and does not prevent the Government from challenging the validity of Petitioner's LPR card.

Second, substantial evidence supports the BIA's finding that Petitioner is removable. At a January 22, 2013 hearing, Petitioner admitted through counsel that (1) "he was ordered removed or deported from the United States [on] November 8, 1976"; (2) "the order of deportation was executed [on] November 11, 1976"; (3) he "was admitted at San Ysidro, California on February 13, 2011 after [he] presented an invalid lawful permanent resident card"; and (4) "at that time [i.e., on February 13, 2011], he did not possess or present a valid [i]mmigrant visa or entry permit." A.R. 116-17. Because Petitioner fails to establish that his admissions were made under "egregious circumstances," they satisfy the Government's burden of proof. *See Santiago-Rodriguez v. Holder*, 657 F.3d 820, 831 (9th Cir. 2011); *Young Sun Shin v. Mukasey*, 547 F.3d 1019, 1024 (9th Cir. 2008) (finding removability based on an alien's concessions through counsel). In the alternative, the documentary record contains multiple "authenticated immigration documents" that adequately

3

establish that Petitioner was deported in 1976, and thus that his LPR status terminated as a matter of law. *See, e.g.*, A.R. 324, 329-30, 331-33, 334, 335, 337, 349. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1117 (9th Cir. 2003) (en banc) (noting that deportation terminates LPR status); *Espinoza v. INS*, 45 F.3d 308, 309 (9th Cir. 1995) (upholding BIA's finding that clear and convincing evidence supported removal where "[the] only evidence offered by the INS was a copy of an INS Form I-213").

**PETITION DENIED.**