**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 28 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JUAN ANTONIO DURAN FACUNDO, AKA Jose Duran, AKA Juan Facundo, | No. 18-71661 19-71647 |
| Petitioner, | Agency No. A092-799-257 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 7, 2021[**]
Pasadena, California

Before: WARDLAW, GOULD, and OWENS, Circuit Judges.

In No. 18-71661 of this consolidated appeal, Juan Duran-Facundo

("Petitioner") petitions for review of a Board of Immigration Appeals' ("BIA")

dismissal of an Immigration Judge's ("IJ") denial of a continuance and denial of

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Petitioner's claims for asylum, withholding, and deferral of removal under the Convention Against Torture ("CAT"). In No. 19-71647, Petitioner challenges the BIA's denial of his motion to reopen. We have jurisdiction under 8 U.S.C. § 1252. We grant the petition in No. 19-71647 in part as to the BIA's denial of Petitioner's motion to reopen based on his pending U visa application, and remand for further proceedings. We deny the petition in No. 18-71661 as to all other claims.

1. We review the BIA's denial of a continuance for abuse of discretion. *Taggar v. Holder*, 736 F.3d 886, 889 (9th Cir. 2013). Petitioner contends that the BIA erred by denying the continuance for two independent reasons. Neither contention is persuasive. First, Petitioner contends that the BIA erred in finding a lack of "good cause" for a continuance based on Petitioner's prima facie eligibility for a U visa. *See* 8 C.F.R. § 1003.29. In determining whether good cause exists to continue removal proceedings to await the adjudication of a pending U-visa petition, an IJ should consider "DHS's response to the motion" for a continuance, "whether the underlying visa petition is prima facie approvable," and "the reason for the continuance and other procedural factors." *Matter of Sanchez Sosa*, 25 I. & N. Dec. 807, 812–13 (B.I.A. 2012). The BIA rationally considered these factors and relied on the fact that Petitioner did not submit evidence of an approved law

enforcement certification, demonstrating prima facie U-visa eligibility.[1]

Second, Petitioner contends that the BIA erred by finding Petitioner was never "admitted" to the United States for purposes of seeking adjustment based on either his prior grant of lawful temporary status or his having been "waved in" at the border. The Attorney General may accord lawful permanent resident status to a noncitizen "who was inspected and admitted or paroled into the United States." 8 U.S.C. § 1255(a). Petitioner has not shown he was "inspected and admitted" for immigration purposes because when his former lawful status was terminated, that termination operated to revoke any prior admission. *See United States v. Hernandez-Arias*, 757 F.3d 874, 881 (9th Cir. 2014). Petitioner also did not meet his burden to show that he was "waved in" at the border. *See Matter of Quilantan*, 25 I. & N. Dec. 285, 290–93 (B.I.A. 2010). Although a noncitizen is deemed admitted if he presents himself at the border and makes no false claim of United States citizenship, and after inspection is permitted to enter the United States, it is the noncitizen's burden to show that the entry occurred in the manner he described.

---

[1] To the extent Petitioner claims that denying the continuance was a due process violation because the IJ was unable to review "all documentary evidence relevant to the I-589," we disagree. "A court will grant a petition on due process grounds only if the proceeding was 'so fundamentally unfair that the [noncitizen] was prevented from reasonably presenting his case.'" *Gutierrez v. Holder*, 662 F.3d 1083, 1091 (9th Cir. 2011) (citation omitted). Petitioner presented witnesses and the IJ had access to all the documentary evidence on the day of the hearing, during which the IJ participated in examining witnesses.

*See Matter of Areguillin*, 17 I. & N. Dec. 308, 309–10 (B.I.A. 1980).

2. Petitioner next contends that the BIA erred by finding him ineligible for asylum, withholding of removal, and CAT protection. We disagree. The BIA did not err in determining that Petitioner's asylum application was untimely. Though an untimely asylum application may be excused if the applicant establishes either changed circumstances or extraordinary circumstances relating to the delay in filing, the application must then be filed within a reasonable period given those circumstances. 8 U.S.C. § 1158(a)(2)(D); 8 C.F.R. § 1208.4(a)(4)-(5). Here, even crediting that a qualifying event occurred in February 2016, Petitioner has not shown that he filed his April 28, 2017 asylum application within a reasonable time.

We review the BIA's denial of withholding of removal and CAT protection for substantial evidence. *Garcia v. Wilkinson*, 988 F.3d 1136, 1142 (9th Cir. 2021). First, the BIA's affirmance of the IJ's denial of withholding on nexus grounds is supported by substantial evidence because the record indicates that the family members were "victims of general crimes, perhaps engendered by being perceived as wealthy for having been in the United States." *See Gormley v. Ashcroft*, 364 F.3d 1172, 1177 (9th Cir. 2004). The evidence does not compel the conclusion that Petitioner "has been, or is likely to be, specifically targeted for persecution by any individual or group." *Lolong v. Gonzales*, 484 F.3d 1173, 1181 (9th Cir. 2007) (en banc). Second, substantial evidence supports the BIA's

4

determination on likelihood of future torture under CAT.

3. Finally, Petitioner contends that the BIA made two errors in denying his motion to reopen. We review the BIA's denial of a motion to reopen for abuse of discretion. *Bonilla v. Lynch*, 840 F.3d 575, 581 (9th Cir. 2016). A decision is an abuse of discretion if it is "arbitrary, irrational, or contrary to law." *Id.* (citation omitted). First, Petitioner contends that under *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), the Notice to Appear ("NTA") that omitted the date, time, and location of proceedings did not vest jurisdiction with the immigration court. We disagree. Petitioner's initial NTA omitted required information about the hearing, but Petitioner was then sent a notice of hearing that included the previously omitted information. We have held that this "two-step" procedure for initially defective NTAs—as it pertains to jurisdiction—is permissible. *Aguilar Fermin v. Barr*, 958 F.3d 887, 893–95 (9th Cir. 2020).

Second, Petitioner contends that the BIA did not "provide a reasoned explanation" for its decision that Petitioner had not shown good cause for a motion to reopen to continue removal proceedings to await adjudication of a pending U-visa petition. *See Tadevosyan v. Holder*, 743 F.3d 1250, 1252–53 (9th Cir. 2014) (citation omitted). On this point we agree, grant the petition, and remand for the BIA to reconsider this ground for denying the motion to reopen.

The BIA concluded that Petitioner had not shown "good cause" for the

5

continuance because he did not establish that his petition for a U visa, "a pending application for a collateral matter not within the [IJ's] jurisdiction, would materially affect the outcome of the removal proceedings." Though the BIA can properly deny a motion to reopen based on a pending U visa by relying on "secondary factors"—related to a petitioner's diligence and administrative efficiency, *see Matter of Sanchez Sosa*, 25 I. & N. Dec. at 814–15—the BIA relied solely on the fact that Petitioner had not shown the pending U visa "would materially affect the outcome of the removal proceedings." *See Andia v. Ashcroft*, 359 F.3d 1181, 1184 (9th Cir. 2004). That ground for the BIA's decision is contrary to published BIA precedent. *See Matter of L-N-Y-*, 27 I. & N. Dec. 755, 757 (B.I.A. 2020) ("There is no dispute that the respondent is prima facie eligible for a U visa and that a grant of his visa petition by the USCIS would materially affect the outcome of his removal proceedings."). Because the "BIA's decision cannot be sustained upon its reasoning, we must remand to allow the agency to decide any issues remaining in the case." *Andia*, 359 F.3d at 1184; *see also INS v. Ventura*, 537 U.S. 12, 16–17 (2002). On remand, the BIA should address whether, balancing the primary and secondary factors as articulated in, among other cases, *Matter of Sanchez Sosa* and *Matter of L-N-Y-*, Petitioner's case should be reopened to continue removal proceedings to await a decision from the United States Citizenship and Immigration Services on his pending U visa petition.

**Petition in No. 18-71661 DENIED. Petition in No. 19-71647 GRANTED IN PART; DENIED IN PART; REMANDED. The government's motion for summary disposition is DENIED as moot. The parties shall bear their own costs.**