No. 20873.

The People of the State of Colorado *v.*
Simon Alex Hernandez, etc.
(395 P.2d 733)

Decided October 5, 1964. Rehearing denied October 26, 1964.

Mr. Duke W. Dunbar, Attorney General, Mr. John
Bush, Assistant, Mr. Bert M. Keating, District Attorney,
Mr. Gregory E. Mueller, Assistant, Mr. James Urso,
Deputy, Mr. Theodore A. Borrillo, Deputy, for plaintiff
in error.

Messrs. CADDES and CAPRA, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE MOORE.

WE will refer to plaintiff in error as the "People" and to defendant in error as the "defendant."

Defendant was charged in the district court in and for the City and County of Denver, State of Colorado, with the unlawful and felonious possession of narcotic drugs, in violation of C.R.S. '53, 48-6-2. He was arraigned February 26, 1962, and entered a plea of not guilty.

September 25, 1962, seven months after arraignment, counsel for defendant filed a "Motion to Suppress Evidence," one of the grounds of which was that:

"The narcotics seized by the police were procured by an unlawful search and seizure in violation of Rule 41 of the Colorado Rules of Criminal Procedure."

At the hearing on this motion it appeared that a search warrant was issued February 1, 1962. It is undisputed that the search of the premises identified in said warrant, which was made pursuant to the issuance thereof, was not made until February 8, 1962. February 4, 1963, the trial court ruled on the "Motion to Suppress Evidence" as follows:

"* * * the Court is going to rule that as the search was not made for approximately eight days after the issuance of the warrant, and no showing having been made for the delay, the search was not made forthwith and constitutes an unreasonable search under the law, and the motion to suppress should be and is granted."

On the day following the entry of this order the district attorney moved the court that the case against defendant be dismissed. This motion was granted. A writ of error was then sued out by the People and the district attorney seeks thereby to have reviewed the order granting the "Motion to Suppress Evidence."

 Writs of error are directed only to final judgments entered by trial courts, except as otherwise expressly provided. The order of the trial court by which the "Motion to Suppress Evidence" was sustained was not a final judgment. Such an order does not come within any exceptions provided by rule or statute under which appellate procedures can be invoked to test the propriety of the order. The only final judgment to which a writ of error could possibly be directed in this case is the judgment of dismissal. That judgment was entered on the motion of the district attorney and he cannot now object that the court granted his motion.

On our own motion we order this writ of error dismissed for the reason that, as shown by the record, there is no final judgment which is subject to review.

MR. JUSTICE SUTTON and MR. JUSTICE DAY concur.