2012 CO 5

### The PEOPLE of the State of Colorado, Appellant

v.

### S.X.G., Juvenile–Appellee.

### No. 11SA98.

Supreme Court of Colorado, En Banc.

Feb. 6, 2012.

---

Russell Wasley, District Attorney, Andrew Hughes, Assistant District Attorney, Cortez, Colorado, Attorneys for Appellant.

John Baxter, Alternate Defense Counsel, Durango, Colorado, Attorneys for Appellee.

Justice MÁRQUEZ delivered the Opinion of the Court.

¶ 1 In this juvenile delinquency case, the prosecution has filed an interlocutory appeal under sections 16–12–102(2), 19–1–108(5.5), 19–2–903(2), C.R.S. (2011), and C.A.R. 4.1, seeking our review of a juvenile magistrate's order suppressing certain statements made by S.X.G. during a police interrogation.

¶ 2 Section 19–2–903(2) expressly authorizes the prosecution in a delinquency case to appeal "any decision of the trial court as provided in section 16–12–102, C.R.S." Section 16–12–102(2) permits the prosecution to file an interlocutory appeal in the supreme court from "a ruling of the trial court ... granting a motion to suppress an extrajudicial confession or admission" if the prosecution certifies that the appeal is "not taken for purposes of delay and the evidence is a substantial part of the proof of the charge pending against the defendant." Before such an appeal may be filed in the supreme court, however, section 19–1–108(5.5) and Colorado Magistrate Rule (C.R.M.) 7(a)(11) require a petition for review of the magistrate's order to be timely filed and decided in accordance with the Colorado Rules for Magistrates. Under C.R.M. 7(a)(10), the reviewing judge "shall adopt, reject, or modify the initial order or judgment of the magistrate by written order, which order shall become the order or judgment of the district court."

¶ 3 In this case, the record reveals that the prosecution timely filed a petition for review of the magistrate's suppression order with the district court pursuant to section 19–1–108(5.5). However, the district court did not adopt, reject, or modify the magistrate's order; it instead concluded that it lacked authority to review an interlocutory order of the magistrate. Because the juvenile magistrate's suppression order was never reviewed and adopted by the district court, as is required by section 19–1–108(5.5) and C.R.M. 7(a)(11) before an appeal may be filed, we lack appellate jurisdiction under sections 16–12–102(2) and 19–2–903(2) to review the mer-

its of the suppression ruling. Accordingly, we dismiss the appeal.

## I.  Facts and Procedural History

¶ 4 The prosecution filed a petition in delinquency against S.X.G., alleging acts which, if committed by an adult, would constitute the offenses of second degree burglary,[1] criminal mischief,[2] and theft.[3] On March 4, 2011, S.X.G. moved to suppress certain statements he made to a police detective during an investigatory interview on the grounds that they were improperly obtained in violation of *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), and section 19–2–511(1), C.R.S. (2011), which generally provides that statements or admissions of a juvenile made during a custodial interrogation are inadmissible against the juvenile unless the juvenile's parent, guardian, or legal or physical custodian was present during the interview and also advised of the juvenile's *Miranda* rights.

¶ 5 On March 30, 2011, the juvenile magistrate held a suppression hearing and heard testimony from law enforcement officers, S.X.G., and S.X.G.'s mother, who had been present during the custodial interrogation. On April 1, 2011, the juvenile magistrate issued an order suppressing statements S.X.G. made during the second part of his interview, following an approximately two-hour break in the questioning. The magistrate concluded that S.X.G. and his mother did not freely, knowingly, and intelligently waive their rights before the second part of S.X.G.'s interview. The magistrate also concluded that (1) the detective's comment to S.X.G.'s mother, "Now, Mom, I want you to just bear with him during this, okay," and his statement to S.X.G. to "go ahead," effectively "usurped the role of the parent" in the interview by suggesting to the parent that she should be silent and allow S.X.G. to respond; (2) the intent of the detective's statement was to influence the mother to withhold guidance to the juvenile; and (3) the detective's comment interfered with the exercise of the juvenile's and the mother's rights.

¶ 6 On April 5, 2011, the prosecution timely filed a petition for review of the magistrate's suppression order with the district court under section 19–1–108(5.5) and simultaneously requested a stay of the bench trial set for the next day, pending the district court's review of the magistrate's order. The prosecution contended that (1) the magistrate erroneously applied a "clear and convincing evidence" standard of review; (2) the detective was not required to re-advise the juvenile and his mother of their *Miranda* rights before the second half of the interview; (3) the detective was not required to advise the juvenile in advance about the subject matter of the interview; (4) the detective's statement to S.X.G.'s mother did not overbear the will of either the parent or the juvenile and did not usurp the role of the parent; and (5) under the totality of the circumstances, the juvenile's statements were voluntary.

¶ 7 That same day, the district court denied the request to stay the trial, concluding that it lacked authority to review an interlocutory order of the magistrate.

¶ 8 On April 6, 2011 (the scheduled trial date), the prosecution filed this interlocutory appeal, invoking our interlocutory appellate jurisdiction under sections 16–12–102(2) and 19–2–903(2), and C.A.R. 4.1. Both parties proceeded to brief the merits on appeal without addressing the propriety of our appellate jurisdiction or whether the district court properly declined to review the magistrate's order.

## II.  Analysis

¶ 9 Because we must always satisfy ourselves that we have jurisdiction to hear an appeal, we may raise jurisdictional defects sua sponte, regardless of whether the parties have raised the issue. *See J.P. Meyer Trucking & Constr., Inc. v. Colo. Sch. Dists. Self Ins. Pool,* 18 P.3d 198, 201 n. 3 (Colo. 2001).

¶ 10 Here, the statutory prerequisite for filing an interlocutory appeal in this court has not been satisfied, because the district

---

1.  § 18–4–203(1), C.R.S. (2011).

2.  § 18–4–501, C.R.S. (2011).

3.  § 18–4–401(1), (2)(b), C.R.S. (2011).

court declined to address the prosecution's petition for review, concluding that it lacked authority to review the magistrate's suppression order. Because the district court never adopted the magistrate's order (with or without modification), we do not have appellate jurisdiction under sections 16–12–102(2) and 19–2–903(2), which only permit our interlocutory review of a "trial court" order. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109, 61 S.Ct. 868, 85 L.Ed. 1214 (1941) (noting that courts should "scrupulously confine their own jurisdiction to the precise limits which the statute has defined").

¶ 11 "As a general matter, an appeal may be taken only from a final judgment of a district, probate or juvenile court. *See* C.A.R. 1(a)(1). An appellate court does not review interlocutory orders absent specific authorization by statute or rule." *City of Grand Junction v. City & Cnty. of Denver*, 960 P.2d 675, 678 (Colo.1998). In this juvenile delinquency context, interlocutory review of a trial court order is authorized by sections 16–12–102(2), 19–2–903(2), and C.A.R. 4.1.

¶ 12 Section 19–2–903(2) provides that "[t]he prosecution in a delinquency case may appeal any decision of the *trial court* as provided in section 16–12–102, C.R.S." (emphasis added). In turn, section 16–12–102(2) provides that in criminal cases "[t]he prosecution may file an interlocutory appeal in the supreme court from a ruling of the *trial court* ... granting a motion to suppress an extrajudicial confession or admission if the prosecution certifies to the judge who granted such motion and to the supreme court that the appeal is not taken for the purposes of delay and the evidence is a substantial part of the proof of the charge pending against the defendant." (emphasis added); *see also* C.A.R. 4.1(a) ("The state may file an interlocutory appeal in the supreme court from a ruling of a *district court* ... granting a motion to suppress an extra-judicial confession or admission or admission ...." (emphasis added)).

¶ 13 When a juvenile magistrate has granted the suppression motion, section 19–1–108(5.5) of the Children's Code expressly requires a party to file a petition for review of the magistrate's order with the district court before such an appeal may be filed in the supreme court. § 19–1–108(5.5) ("A petition for review shall be a prerequisite before an appeal may be filed with the ... Colorado supreme court."); *see also* C.R.M. 7(a)(11) ("Appeal of an order or judgment of a district court magistrate may not be taken to the appellate court unless a timely petition for review has been filed and decided by a reviewing court in accordance with these Rules.").[4]

¶ 14 Under C.R.M. 7(a)(10), the reviewing judge shall, by written order, "adopt, reject, or modify" the magistrate's initial order; the reviewing judge's order then shall become the order of the district court. This order may then be appealed. C.R.M. 7(a)(11).[5] Only if the district court adopts, with or without modification, the magistrate's order granting the suppression motion, does this court have interlocutory appellate jurisdiction under sections 16–12–102(2) and 19–2–903(2). *See, e.g., People ex rel. R.A.*, 937 P.2d 731, 734 (Colo.1997) (reviewing a district court's order "affirming" the magistrate's order granting a motion to suppress statements of a juvenile defendant). Indeed, any other appeal would not be a "ruling of the *trial court* ... granting a motion to suppress

---

4. C.R.M. 7(a) requires that an order entered "in a proceeding in which consent is not necessary" must be reviewed by the district court prior to any appeal. By contrast, C.R.M. 7(b) provides that an order entered "with consent of the parties in a proceeding in which such consent is necessary" may be appealed pursuant to the Colorado Rules of Appellate Procedure in the same manner as an order of judgment of a district court. We conclude that C.R.M. 7(a), not C.R.M. 7(b), governs here. Section 19–1–108(1) authorizes the juvenile court to appoint a magistrate to hear "any case or matter under the court's jurisdiction" (with certain exceptions not relevant here), and such statutory authority of the juvenile magistrate is not conditioned upon the consent of the parties. Moreover, section 19–1–108(5.5) expressly requires a petition for review as a prerequisite to an appeal of a magistrate's order in juvenile delinquency cases, regardless of the existence of actual consent of the parties.

5. If timely review in the district court is *not* requested, the magistrate's initial order or judgment becomes the order or judgment of the district court, and any appeal of that order is barred. C.R.M. 7(a)(12).

an extrajudicial confession or admission." § 16–12–102(2); *see also* § 19–2–903(2); C.A.R. 4.1(a).

¶ 15 In this case, the district court erroneously concluded that it lacked authority to address the prosecution's request for review, reasoning that C.R.M. 7 permits review only of final orders or judgments, and the magistrate's suppression order did not qualify as a final order, citing *People v. Hernandez,* 155 Colo. 519, 395 P.2d 733 (Colo.1964). The court further observed that orders issued by magistrates are reviewable upon the grounds set forth in C.R.C.P. 59, which pertains to post-trial motions. Finally, the district court noted that this court specifically held in *People ex rel. P.L.V.,* 172 Colo. 269, 270, 472 P.2d 127, 128 (1970), that interlocutory appeals are not available in delinquency matters. The district court acknowledged that this court's more recent decision in *People ex rel. R.A.,* 937 P.2d at 739, concerned an interlocutory appeal in a delinquency case, but noted that the propriety of such an appeal was not addressed in that decision. The district court's order made no reference to section 19–2–903(2).

¶ 16 First, whether a magistrate's order constitutes a "final order" within the meaning of C.R.M. 7(a)(3) does not preclude a district court from addressing a petition for review of that order if, upon adoption by the district court, that order is properly subject to an interlocutory appeal pursuant to sections 16–12–102(2) and 19–2–903(2). To conclude otherwise would render these interlocutory appeal statutes meaningless in juvenile cases involving magistrate orders. In other words, if "[t]he prosecution in a delinquency case may appeal any decision of the trial court as provided in section 16–12–102," as expressly authorized by section 19–2–903(2), then the magistrate rules cannot be construed to bar the prosecution from seeking statutorily authorized interlocutory review of a suppression order simply because that suppression order was entered by a juvenile court magistrate instead of the juvenile court judge.

¶ 17 Second, the reference in section 19–1–108(5.5) to C.R.C.P. 59 (which governs post-trial motions) presumably is meant to give the district court procedural guidance when ruling on the request for review; in any event, this reference cannot be construed to negate the jurisdictional statutes and rules that specifically permit interlocutory appeals.

¶ 18 Third, our 1970 decision in *People ex rel. P.L.V.* has no application to this case. In 1987, the legislature enacted section 19–2–602(2), recodified in 1996 at section 19–2–903(2), which expressly allows the prosecution in delinquency proceedings to file the interlocutory appeals provided for in section 16–12–102(2), including the one here. *See* ch. 138, sec. 1, § 19–2–602(2), 1987 Colo. Sess. Laws 695, 728 (effective Oct. 1, 1987); ch. 283, sec. 1, § 19–2–903(2), 1996 Colo. Sess. Laws 1595, 1657 (effective Jan. 1, 1997); *see also People ex rel. R.A.,* 937 P.2d at 734, 736 (addressing, without discussing jurisdiction, an interlocutory appeal of a juvenile magistrate's order granting a suppression motion, where that order had been reviewed and adopted by the district court).

¶ 19 Here, because the district court did not adopt (with or without modification) the magistrate's suppression order, the statutory prerequisite for an interlocutory appeal has not been met and there is no trial court order for us to review.

### III. Conclusion

¶ 20 Because we lack appellate jurisdiction and cannot exercise any appellate jurisdiction until the petition for review is decided in accordance with C.R.M. 7(a), we dismiss the appeal. *Cf. In re Marriage of Moore,* 107 P.3d 1150, 1151 (Colo.App.2005). Nothing in this opinion precludes the prosecution in this case from seeking reconsideration in the district court of the original, timely-filed petition for review, or S.X.G. from filing a brief in opposition in accordance with C.R.M. 7(a)(7).