2014 COA 85

**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Esteban Zamora GARCIA, Defendant–Appellant.**

**Court of Appeals No. 11CA1178**

Colorado Court of Appeals, Div. I.

Announced July 3, 2014

John W. Suthers, Attorney General, Kevin E. McReynolds, Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee

Douglas K. Wilson, Colorado State Public Defender, Mark Evans, Deputy State Public Defender, Denver, Colorado, for Defendant-Appellant

Opinion by JUDGE TAUBMAN

¶1 Defendant, Esteban Zamora Garcia, appeals the trial court's revocation of his probation based on its finding that he entered the United States illegally for the third time without a valid visa. He argues that only a federal immigration judge may determine the legal status of an immigrant. The People, however, contend that the appeal is moot because Garcia was removed from the United States after serving his sentence, and is permanently barred from reentry as a result of his criminal impersonation conviction. We agree with the People, and dismiss the appeal.

## I. Background

¶2 In 2010, Garcia pleaded guilty to criminal impersonation for providing a false name and false identification documents to police officers when they pulled him over for driving under the influence (DUI). The trial court sentenced him to sixty months of probation and one year in jail for his DUI conviction, on condition that he "voluntarily or involuntarily depart [the United States] and not reenter without inspection and visa."

¶3 After Garcia filed a motion for sentence reconsideration, the trial court waived his remaining jail time and released him to the custody of Immigration and Customs Enforcement (ICE) for deportation.

¶4 A year later, Garcia returned to the United States. The police arrested him again for a traffic violation and charged him with violating the conditions of his probation by returning to the United States without a valid visa.

¶5 The trial court revoked Garcia's probation after finding that he had reentered the United States without a valid passport or visa. This finding was based on (1) ICE records verifying Garcia's identity and May 2010 removal; (2) the ICE immigration detainer notice issued after his latest arrest; (3) Garcia's very presence, which showed that he had reentered the United States; and (4) his refusal to answer any questions on Fifth Amendment grounds during the probation revocation hearing.

¶6 The trial court resentenced him to one year in the custody of the Department of Corrections, with credit for 211 days served. After Garcia completed his sentence, ICE deported him for the third time. In 2012, Garcia returned to the United States but ICE deported him for the fourth time.

## II. Mootness

¶7 In response to Garcia's notice of appeal, the People filed a motion to dismiss, arguing that the appeal is moot. A motions division of this court deferred its ruling to us. We now grant the People's motion to dismiss.

### A. Standard of Review

¶8 Whether an appeal is moot is a question of law that we decide de novo. *Bd. of Dirs., Metro Wastewater Reclamation Dist. v. Nat'l Union Fire Ins. Co.*, 105 P.3d 653, 656 (Colo.2005).

### B. Analysis

¶9 The doctrine of mootness precludes us from reviewing a case in which our decision will have no practical effect on an actual or existing controversy. *Id.* When evaluating whether a conviction appeal is moot, courts should consider both the direct and collateral consequences of a conviction. *See Moland v. People,* 757 P.2d 137, 139

(Colo.1988) (" '[A] criminal case is moot only if it is shown that there is no possibility that any collateral legal consequences will be imposed on the basis of the challenged conviction.' " (quoting *Sibron v. New York*, 392 U.S. 40, 57, 88 S.Ct. 1889, 20 L.Ed.2d 917 (1968))).

¶ 10 As relevant here, a defendant's appeal of an order revoking probation is rendered moot after the defendant completes the resulting term of imprisonment. *United States v. Meyers*, 200 F.3d 715, 722 (10th Cir.2000). The "potential impact of the revocation order and sentence on possible later sentencing proceedings does not constitute a sufficient collateral consequence to defeat mootness." *Id.*; *see also United States v. Probber*, 170 F.3d 345, 347–49 (2d Cir.1999) (holding that in an appeal of a revocation of supervised release in which the defendant had completed his term of imprisonment, the possible effect of the findings underlying the revocation order on future sentencing was too speculative to save the appeal from mootness).

¶ 11 Here, the People contend that our ruling on the merits will not affect Garcia because: (1) he has served his sentence; (2) he is challenging his probation revocation, not his sentence or conviction; (3) he was deported; and (4) he is permanently barred from reentry. Conversely, Garcia contends that the appeal is not moot because his probation revocation has collateral consequences. Specifically, he argues that the trial court's decision would affect his future naturalization and legal admission into the United States. We agree with the People's contentions.

¶ 12 We conclude that Garcia's appeal is moot for three reasons: (1) he has already served his sentence; (2) he is not contesting his conviction, which could affect his admission to the United States; and (3) he is permanently barred from reentering the United States because criminal impersonation is a crime involving moral turpitude (CIMT). *See Beltran–Rubio v. Holder*, 565 Fed.Appx. 704, 708, No. 13–9565, 2014 WL 1690754 at *4 (10th Cir. Apr. 30, 2014) (unpublished opinion).

¶ 13 First, Garcia has already completed his sentence; therefore, our decision will not affect him even if we were to reverse the trial court's probation revocation. *See Meyers*, 200 F.3d at 722.

¶ 14 Second, Garcia is not contesting his conviction. Garcia's bar to reentry is based on the nature of the crime for which he was convicted, not his probation revocation. *See People v. Garcia*, 89 P.3d 519, 519 (Colo.App. 2004) (stating the case is moot because the defendant is only contesting his sentence, not his conviction, and that he would not be able to serve his sentence in the United States). Thus, regardless of this appeal's outcome, his bar to reentry will remain in effect. *See id.*

¶ 15 Last, he is permanently barred from reentering the United States because his criminal impersonation conviction is a CIMT. Garcia disagrees. He contends that in *Martinez–Osogobio v. Holder*, 373 Fed. Appx. 830 (10th Cir.2010) (unpublished opinion), an immigration judge found that a defendant's "conviction for criminal impersonation [under section 18–5–113(1)(e), C.R.S. 2013,] did not constitute a CIMT under 8 U.S.C. § 1182(a)(2)(A)(i)(I)." *Id.* at 832 n. 1. The Tenth Circuit, however, did not review that finding because the Department of Homeland Security did not appeal that issue. Thus, *Martinez–Osogobio* is distinguishable.

¶ 16 Conversely, the Tenth Circuit's decision in *Beltran–Rubio* is on point. In that case, the court determined that a criminal impersonation conviction under section 18–5–113(1)(e), C.R.S.2013, constitutes a CIMT. The court reasoned that criminal impersonation is a morally turpitudinous act that involves knowing or intentional fraud. The court explained that "the fraud that renders [section] 18–5–113(1)(e) a [crime involving moral turpitude] is inherent in knowingly assuming a fake identity or capacity to achieve an intended goal." *Beltran–Rubio*, 565 Fed.Appx. at 708, 2014 WL 1690754, at *4.

¶ 17 We agree with the Tenth Circuit's reasoning and find it persuasive. *See* Fed. R.App. P. 32.1(a); 10th Cir. R. 32.1(A) ("Unpublished decisions are not precedential, but may be cited for their persuasive value."). Accordingly, we conclude that criminal impersonation is a CIMT. Thus, Garcia is permanently barred from reentry. *See* 8 U.S.C. § 1182(a)(2)(A) (2012).

¶ 18 However, Garcia contends that only a federal judge can decide whether an individual has committed a CIMT, and is thus barred from reentry into the United States under 8 U.S.C. § 1182(a)(2)(A)(i)(I). We disagree.

¶ 19 In *Garcia,* 89 P.3d at 519, a division of this court held that the defendant's conviction for sexual assault on a child constitutes a CIMT that permanently bars him from reentering the United States. In doing so, the *Garcia* division implicitly concluded that state courts may determine whether violation of a particular statute is a CIMT. This conclusion is supported by determinations of other state appellate courts. *See, e.g., Lopez–Penaloza v. State,* 804 N.W.2d 537, 545 n. 6 (Iowa Ct.App.2011) (concluding that defendant's conviction does not constitute a CIMT); *People v. Montilla,* 134 Misc.2d 868, 513 N.Y.S.2d 338, 340 (N.Y.App.Div.1987) (determining that vehicular manslaughter in the second degree is not a CIMT within the meaning of the Immigration and Nationality Act); *Ex Parte Rodriguez,* 378 S.W.3d 486, 490 (Tex.App.2012) (stating that theft and prostitution convictions in Texas are crimes involving moral turpitude).

¶ 20 Therefore, following the Tenth Circuit's decision in *Beltran–Rubio,* we conclude that a conviction for criminal impersonation is also a CIMT. Because Garcia's CIMT permanently bars him from reentry, our decision on the merits will not affect him. *See Garcia,* 89 P.3d at 520 ("[B]ecause defendant is no longer in the United States and is subject to a permanent bar on attempted reentry into this country, he will not serve his sentence here, and thus, the outcome of the appeal has no practical effect upon him."). Thus, the case is moot.

### III. Exceptions to Mootness

¶ 21 Garcia nevertheless argues that we should reach the merits of this appeal even if it is otherwise moot because the case is capable of repetition yet evading review and presents a matter of public importance involving recurring constitutional violations. We disagree.

¶ 22 Colorado courts recognize two exceptions to the doctrine of mootness. First, a court may reach the merits of an otherwise moot appeal if the case is capable of repetition yet evading review. *People v. Devorss,* 277 P.3d 829, 833 (Colo.App.2011). Specifically, there must be a " 'reasonable expectation' or a 'demonstrated probability' that the same controversy will recur involving the same complaining party." *Murphy v. Hunt,* 455 U.S. 478, 482, 102 S.Ct. 1181, 71 L.Ed.2d 353 (1982) (quoting *Weinstein v. Bradford,* 423 U.S. 147, 149, 96 S.Ct. 347, 46 L.Ed.2d 350 (1975)). Here, there is no possibility that Garcia's probation will be revoked again because he has completed his sentence. As noted, Garcia has been deported from the United States and is permanently barred from reentry. *See, e.g., Beeson v. Kiowa Cnty. Sch. Dist. Re–1,* 39 Colo.App. 174, 176, 567 P.2d 801, 803 (1977) (appeal concerning whether the trial court should have enjoined the school board from enforcing its policy of prohibiting married students from participating in extracurricular activities was not addressed on the merits because student had graduated from high school and would not be attending it again; nevertheless, appeal as to whether the policy violated the equal protection clause was addressed because it involved a matter of great public importance and constitutional rights). Thus, he will not face another probation revocation ruling.

¶ 23 Second, we review the merits if the matter involves a question of great public importance or an allegedly recurring constitutional violation. *Devorss,* 277 P.3d at 833; *see, e.g., Grossman v. Dean,* 80 P.3d 952, 960 (Colo.App.2003) (reviewing the case on the merits because it involved the interpretation of a state constitutional amendment adopted by a ballot initiative concerning the public's ability to petition the government for redress and the ability of representatives to serve their constituents). This case does not involve a matter of public importance because the appeal only concerns the trial court's revocation of Garcia's probation. The trial court's decision did not affect Garcia's immigration status, considering that ICE had already removed him twice before the probation revocation hearing and was going to remove him as a result of his third illegal entry into the United States. Thus, the case does not implicate a matter of public importance or a recurring constitutional violation.

IV.  Conclusion

¶ 24 The appeal is dismissed.

Bernard and Rothenberg *, JJ., concur