2014 COA 108

**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Mark FRITZ, Defendant–Appellant.**

**Court of Appeals No. 11CA0408**

Colorado Court of Appeals,
Div. I.

Announced August 28, 2014

Rehearing Denied October 16, 2014

John W. Suthers, Attorney General, Rebecca A. Jones, Senior Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee

Douglas K. Wilson, Colorado State Public Defender, Ned R. Jaeckle, Deputy State

Public Defender, Denver, Colorado, for Defendant–Appellant

Opinion by JUDGE TAUBMAN

¶1 Defendant, Mark Fritz, appeals the denial after a hearing of his Crim. P. 35(a) and (c) motions to withdraw his guilty plea and to vacate his sentence respectively. We dismiss this appeal as moot.

## I. Background

¶2 In 1998, Fritz was accused of sexually abusing his adopted daughter, J.F. The prosecution charged him with seven counts of sexual assault and three counts of aggravated incest.

¶3 Fritz admitted to sexually abusing J.F. more than a thousand times over a three-year period. He pleaded guilty to aggravated incest, and the prosecution dropped the remaining charges.

¶4 Pursuant to the parties' stipulation, the trial court sentenced Fritz to sixteen years in prison plus five years of mandatory parole, which the court agreed to suspend on the condition that Fritz complete twenty years of probation and sex offense specific treatment.

¶5 Fritz complied with the plea agreement until 2008, when he left Colorado without permission and travelled to the Philippines. The prosecution filed a complaint seeking to revoke his probation. Fritz was arrested in the Philippines and extradited to the United States.

¶6 He then filed a Crim. P. 35(a) motion to withdraw his guilty plea and a Crim. P. 35(c) motion to vacate an allegedly illegal sentence and conviction. He contended that a person convicted of a sexual offense between July 1, 1996, and November 1, 1998, as here, is subject to a period of discretionary parole that may not exceed "the remainder of the maximum sentence of incarceration imposed by the court." See § 17–2–201(5)(a.5), C.R.S. 2013; *People v. Cooper*, 27 P.3d 348, 349 (Colo.2001). Therefore, he argued, he should not have been sentenced to five years of mandatory parole and that this parole period was illegal because "the real basis of the plea could have been up to sixteen years of parole as determined by the Parole Board." Because the parole period was allegedly illegal, he asserted that the entire plea agreement

was also illegal, and thus, the court should vacate his sentence and grant his request to withdraw his guilty plea.

¶7 The postconviction court denied both motions. The court found that the purported illegal sentence was never imposed because it had been suspended.

¶8 In March 2011, Fritz filed a notice of appeal, challenging the postconviction court's order. In May 2011, he pleaded guilty to the probation violation and both parties stipulated to a sentence of thirteen years in prison subject to discretionary parole. The trial court sentenced Fritz according to the new plea agreement.

¶9 Despite his new sentence, which he does not challenge, Fritz nevertheless requests this court to reverse the court's denial of his motion to withdraw his guilty plea and to vacate his sentence and conviction.

## II. Appeal

¶10 Fritz contends that he obtained an illegal sentence as part of his original plea bargain, and is therefore entitled to withdraw his guilty plea. The People, however, contend that this appeal is moot because Fritz pleaded guilty to the probation violation and the trial court imposed a new legal sentence, thereby superseding the original sentence.

¶11 To determine whether this appeal is moot, we must first determine whether the appropriate remedy for Fritz's allegedly illegal sentence is withdrawal of his guilty plea. To do that, we must first decide whether Fritz is entitled to withdraw his guilty plea under the circumstances presented here. We conclude that he is not. Rather, we conclude that if his sentence is illegal, the only remedy is imposition of a new legal sentence. Because the trial court has already imposed a new legal sentence, we agree with the People that this appeal is moot.

## III. Entitlement to Withdraw Guilty Plea

¶12 Fritz contends that he is entitled to withdraw his original guilty plea to remedy his illegal sentence.

## A. Standard of Review

■ ¶ 13 The interpretation of a plea agreement is a question of law that we review de novo. *See Craig v. People,* 986 P.2d 951, 960 (Colo.1999).

## B. Applicable Law

■ ¶ 14 As the supreme court explained in *Delgado v. People,* 105 P.3d 634, 637 (Colo. 2005): "Sentences become illegal in different ways, and depending on the nature of the illegality, certain illegal sentences can be corrected through resentencing and imposition of a legal sentence while other illegal sentences require that the judgment of conviction be vacated."

■ ¶ 15 In *Craig,* 986 P.2d at 959, the supreme court held that "courts cannot uphold a plea bargain that calls for an illegal sentence, and thus, the only appropriate remedy would be to allow the defendant to withdraw his plea." However, this remedy is appropriate only where the illegal promise or sentence is an integral part of the plea agreement that materially induces a defendant to plead guilty. *Id.* at 951.n. 4; *see also Chae v. People,* 780 P.2d 481, 487 (Colo.1989) (finding that the "sentence recommendation providing that Chae would not be imprisoned formed an integral part of the plea agreement and was the basis for Chae's entry of a guilty plea"). Such determination is made based on an objective reasonable person test. In other words, we must ascertain the "meaning a reasonable person would have attached [to the plea agreement] under the circumstances." *Craig,* 986 P.2d at 961. If the illegal sentence or promise does not materially induce a defendant to plead guilty, the defendant is not entitled to withdraw his or her plea. *See id.* at 959.

## C. Analysis

¶ 16 Instead of sixteen years in prison plus five years of mandatory parole, Fritz was promised twenty years of probation, suspension of a prison sentence, and dismissal of nine additional counts of aggravated incest, sexual assault, and sexual assault on a child. Further, the Crim. P. 11 advisement, the plea agreement, the addendum to the plea agreement, and the conditions of probation did not indicate that Fritz was subject to mandatory parole. The Rule 11 advisement only stated "four to sixteen years" and "five years parole"; the plea agreement stated "twenty year probation" and "suspended sixteen years D.O.C."; and the conditions of probation only indicated that his sixteen-year prison sentence would be suspended.

¶ 17 Because the signed plea agreement did not mention "five years mandatory parole," we conclude that the mandatory parole provision incorrectly stated by the trial court did not materially induce Fritz to plead guilty. Thus, under an objective interpretation of the plea agreement, we must determine whether the trial court's incorrect statement about mandatory parole was an integral component of Fritz's plea agreement based on a reasonable person test.

¶ 18 Even if we assume that a reasonable person could have determined from the written plea agreement and the court's advisement at the providency hearing trial that Fritz was subject to a mandatory parole term, we conclude that a reasonable person, under the circumstances, would not have been materially induced to plead guilty by the mandatory parole provision, but by the probation provision and the dismissal of the other charges against him. The most enticing and lenient component of the guilty plea was the probation provision because it suspended his prison sentence. In any event, Fritz would not have served *any* term of parole unless a court revoked his probation and sentenced him to prison. Accordingly, we conclude Fritz was not materially induced to enter into a plea by the mandatory parole provision, and, therefore, he is not entitled to withdraw his guilty plea. However, he may be entitled to a new legal sentence.

## IV. Case Is Moot

■ ¶ 19 Because Fritz's only remedy is to receive a new legal sentence, which he obtained in a subsequent plea agreement, we must determine whether the case is moot.

## A. Standard of Review

■ ¶ 20 Whether an appeal is moot is a question of law that we review de novo. *Bd. of Dirs., Metro Wastewater Reclamation Dist. v. Nat'l Union Fire Ins. Co.,* 105 P.3d

653, 656 (Colo.2005); *People v. Garcia*, 2014 COA 85, ¶ 8, 356 P.3d 913; *People v. Garcia*, 89 P.3d 519, 520 (Colo.App.2004).

## B. Applicable Law

¶ 21 Under the doctrine of mootness, we may not grant relief in a case in which our decision will have no practical effect on an actual or existing controversy. *Stell v. Boulder Cnty. Dep't of Soc. Servs.*, 92 P.3d 910, 914 (Colo.2004). When evaluating whether a judgment of conviction is moot, we must consider both the direct and collateral consequences of a conviction. *See Moland v. People*, 757 P.2d 137, 139 (Colo.1988) (" '[A] criminal case is moot only if it is shown that there is no possibility that any collateral legal consequences will be imposed on the basis of the challenged conviction.' " (quoting *Sibron v. New York*, 392 U.S. 40, 57, 88 S.Ct. 1889, 20 L.Ed.2d 917 (1968))).

¶ 22 As relevant here, Colorado case law has not addressed whether a case is moot when a trial court imposes a new legal sentence and vacates a defendant's allegedly illegal sentence after the defendant enters into a new plea agreement. Nevertheless, out-of-state cases have held that a case is moot when a trial court imposes a new sentence and vacates the original sentence that was allegedly illegal. *See Edwards v. State*, 780 So.2d 286, 286 (Fla.Dist.Ct.App.2001); *Cox v. State*, 799 So.2d 339, 339 (Fla.Dist.Ct. App.2001) (concluding the illegal sentence issue was moot because the defendant was properly resentenced, and he did not challenge his new sentence); *State v. Gallipeau*, 128 Idaho 1, 909 P.2d 619, 623 (App.1994) (holding the illegal sentence issue was moot because the court properly resentenced the defendant); *State v. Campbell*, 15 So.3d 1076, 1078 (La.Ct.App.2009) (concluding the illegal sentence issue was moot because the trial court vacated the original sentence and imposed a new sentence).

## C. Analysis

¶ 23 Here, Fritz pleaded guilty to the probation revocation and stipulated to a new legal sentence. The court sentenced him according to the new plea agreement, thereby vacating his original sentence. On appeal, Fritz requests this court set aside his guilty plea, sentence, and conviction. We have concluded that he is not entitled to withdraw his guilty plea. Thus, we further conclude that because the new legal sentence necessarily supersedes the original sentence, our determination of whether his sentence was illegal would not have any practical effect on this case. Further, Fritz does not challenge the legality of his new sentence. Therefore, his appeal challenging the legality of his original sentence is moot.

## V. Conclusion

¶ 24 The appeal is dismissed as moot.

JUDGE BERNARD and JUDGE NAVARRO concur.