22CA1427 Peo v Wright 09-19-2024

COLORADO COURT OF APPEALS

---

Court of Appeals No. 22CA1427
La Plata County District Court No. 16CR224
Honorable Kim S. Shropshire, Judge

---

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Daniel Nelson Wright,

Defendant-Appellant.

---

ORDER AFFIRMED

Division VI
Opinion by JUDGE BROWN
Welling and Moultrie, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced September 19, 2024

---

Philip J. Weiser, Attorney General, Brock J. Swanson, Senior Assistant
Attorney General, Denver, Colorado, for Plaintiff-Appellee

Megan A. Ring, Colorado State Public Defender, Tracy C. Renner, Deputy State
Public Defender, Denver, Colorado, for Defendant-Appellant

¶ 1     Defendant, Daniel Nelson Wright, appeals the trial court's order denying his postconviction motion. We affirm.

¶ 2     The State charged Wright with two counts of first degree murder, five counts of first degree burglary, conspiracy to commit first degree burglary, attempted aggravated robbery, conspiracy to commit aggravated robbery, four counts of menacing, and eight crime of violence counts. He agreed to plead guilty to a first degree burglary count and a crime of violence count in exchange for the dismissal of the remaining charges and a stipulated sentencing range of ten to twenty-four years in prison. In April 2017, the trial court sentenced Wright to seventeen years in prison followed by five years of mandatory parole.

¶ 3     In July 2022, Wright filed a letter with the court, arguing that, pursuant to a Weld County District Court decision, "[t]he period of parole must be applied within the scope of the sentence imposed by the court" and that "the 17 years [he was] sentenced to[,] which includes 5 years parole[,] is essentially a 22[-]year sentence[,] [w]hich is not what [his] plea deal state[d]." He therefore requested that he be resentenced to twelve years in prison followed by five years of mandatory parole.

¶ 4     The postconviction court construed Wright's letter as a Crim. P. 35(a) and (c) motion alleging that his sentence was "illegal or improper" and denied it.  The court reasoned that the parole term was not a component of Wright's sentence and thus did not create an aggregate twenty-two-year sentence.

¶ 5     As an initial matter, "the substantive issues raised in a motion, rather than the label placed on such motion, . . . determine how the matter should be characterized."  *People v. Knoeppchen*, 2019 COA 34, ¶ 6, *overruled on other grounds by People v. Weeks*, 2021 CO 75, ¶ 47 n.16.  And we are not convinced that Wright's motion asserted a Crim. P. 35(a) challenge to the legality of his sentence.  Indeed, he did not allege that his sentence of seventeen years in prison followed by five years of mandatory parole was not authorized by law.  *See* Crim. P. 35(a); *People v. Jenkins*, 2013 COA 76, ¶ 11 ("An illegal sentence is one that is not authorized by law, meaning that it is inconsistent with the sentencing scheme established by the legislature.").

¶ 6     Instead, Wright substantively asserted a Crim. P. 35(c) claim that his seventeen-year prison sentence followed by a five-year parole period was contrary to the terms of his plea agreement.  *See*

*St. James v. People*, 948 P.2d 1028, 1030-32 (Colo. 1997) (a claim of breach of the plea agreement is cognizable under Crim. P. 35(c)); *see also People v. Fritz*, 2014 COA 108, ¶¶ 6, 17 (interpreting the terms of a plea agreement as part of a Crim. P. 35(c) proceeding).

¶ 7 A defendant must file a Crim. P. 35(c) motion within three years of their conviction for an offense other than a class 1 felony. § 16-5-402(1), C.R.S. 2024; Crim. P. 35(c)(3)(I). "For purposes of [section] 16-5-402 and postconviction review, if there is no direct appeal, a conviction occurs when the trial court enters judgment and sentence is imposed." *People v. Collier*, 151 P.3d 668, 671 (Colo. App. 2006).

¶ 8 Because Wright's July 2022 letter raising a substantive Crim. P. 35(c) claim was filed more than three years after his April 2017 sentencing, the claim is untimely. *See* § 16-5-402(1.5) (an appellate court may deny relief if it determines that a collateral attack is untimely, regardless of whether timeliness was considered by the trial court).

¶ 9 Nevertheless, we note that (1) the plea agreement stated that Wright "shall be sentenced to 10 to 24 years in the Department of

3

Corrections";[1] (2) the agreement advised Wright that the possible penalties for a first degree burglary conviction included imprisonment of up to "twenty[-]four years confinement in the Department of Corrections" and that "[a]ny period of imprisonment must be followed by a mandatory parole period of five years"; (3) Wright repeatedly acknowledged and agreed that he would receive a prison sentence within the stipulated range and that any such prison sentence would be followed by a five-year period of mandatory parole; and (4) consistent with those advisements, the trial court sentenced Wright "to 17 years in the Department of Corrections, to be followed by five years of mandatory parole." The only reasonable interpretation of the plea agreement and the court's advisements is that Wright would serve seventeen years in the DOC followed by five years of parole. *See People v. Johnson*, 999 P.2d 825, 829 (Colo. 2000) ("We interpret plea agreements pursuant to an objective standard, focusing on the meaning a reasonable person would have attached to the agreement under the circumstances.");

---

[1] Even accepting Wright's argument as true, a twenty-two-year prison sentence would fall within the plea agreement's stipulated ten to twenty-four-year sentencing range.

4

*see also People v. Johnson,* 13 P.3d 309, 314 (Colo. 2000) ("[A] reasonable person would understand that [a plea agreement's stipulation to] a sentence to '5 years DOC' refers only to the imprisonment component of the sentence and does not include any consideration of mandatory parole, which is a separate element of the sentencing regime." (citing *Craig v. People,* 986 P.2d 951, 962 (Colo. 1999))).

¶ 10    The order is affirmed.

JUDGE WELLING and JUDGE MOULTRIE concur.