23CA0483 Peo v Vasquez 11-21-2024

COLORADO COURT OF APPEALS

---

Court of Appeals No. 23CA0483
City and County of Denver District Court No. 19CR7511
Honorable Jennifer B. Torrington, Judge

---

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Emelio J. Vasquez,

Defendant-Appellant.

---

APPEAL DISMISSED

Division I
Opinion by JUDGE LIPINSKY
J. Jones and Sullivan, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced November 21, 2024

---

Philip J. Weiser, Attorney General, Frank R. Lawson, Senior Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee

Megan A. Ring, Colorado State Public Defender, Kevin M. Whitfield, Deputy State Public Defender, Denver, Colorado, for Defendant-Appellant

¶ 1    Emelio J. Vasquez appeals the revocation and reinstatement of his probation. We dismiss the appeal as moot.

## I.    Background

¶ 2    Vasquez pleaded guilty to attempted second degree assault based on allegations that he assaulted his girlfriend and her two-year-old son. The district court sentenced him to three years of probation in June 2020. As conditions of his probation, Vasquez agreed to "submit to drug and alcohol testing as directed by the probation officer" and that he would "not commit any offense."

¶ 3    In August 2021, the prosecution filed a complaint to revoke Vasquez's probation because he had failed to submit two required urinalyses (UAs), had submitted several positive and dilute UAs, and, while on probation, had been charged with driving under the influence. Vasquez admitted these allegations in January 2022. The court revoked his probation and reinstated a new eighteen-month term of probation with forty-five days of in-home detention as a condition of probation.

¶ 4    In September 2022, the prosecution filed a second complaint to revoke Vasquez's probation based on allegations that he had been charged with assault and "failed to submit 10 of 17 scheduled

1

[UAs]." However, the complaint specified only five dates on which Vasquez had failed to submit UAs, saying "[t]he most recent failures to submit" occurred on May 11, 2022; June 7, 2022; June 18, 2022; June 25, 2022; and July 2, 2022. This appeal concerns the proceedings relating to the prosecution's second complaint.

¶ 5    The prosecution called Vasquez's probation supervisor to testify at the December 16, 2022, hearing on the second complaint. On cross-examination, the supervisor acknowledged that a different probation officer had excused Vasquez's missed UAs on June 18, June 25, and July 2 — leaving only the May 11 and June 7 UAs unaccounted for.

¶ 6    The supervisor also testified that Vasquez was required to submit all UAs to Recovery Monitoring Solutions (RMS), an agency with which the probation department had a UA services contract. The defense introduced evidence that, on May 11 and June 7, Vasquez had instead submitted negative UAs to his treatment provider, which did not have a contract with the probation department for UA services. The supervisor testified that Vasquez had been told multiple times to submit his UAs to RMS and that the

2

probation department would not accept UAs from his treatment provider.

¶ 7    At the conclusion of the hearing, the court ruled that the new assault charge was not a basis for revocation because it had not resulted in a conviction. But the court found that Vasquez violated the terms of his probation by failing to submit UAs to RMS on May 11 and June 7 as the probation department directed, even though he had submitted them to his treatment provider. At the sentencing hearing conducted on January 30, 2023, the court revoked Vasquez's probation and reinstated a new eighteen-month term of probation.

¶ 8    Vasquez appeals the district court's determination that he violated the terms of his probation because he had not submitted his May 11 and June 7 UAs to RMS.

¶ 9    The posture of this case materially changed since Vasquez filed his appeal in March 2023. Since that time, Vasquez was charged with child abuse, reckless endangerment, trespass, and violation of a protection order in no fewer than four separate cases. *See Medina v. People*, 2023 CO 46, ¶ 5 n.1, 535 P.3d 82, 84 n.1 ("A court may take judicial notice of the contents of court records in a

3

related proceeding." (quoting *People v. Sa'ra*, 117 P.3d 51, 56 (Colo. App. 2004))). The prosecution filed two complaints — one in September 2023 and an addendum in April 2024 — to revoke Vasquez's probation based on those charges. Vasquez admitted the new probation violations at a hearing in June 2024. The court then revoked Vasquez's probation and set a sentencing hearing.

¶ 10    At a sentencing hearing conducted on August 23, 2024, the court reinstated a term of ninety days of probation, with ninety days in jail as a condition of probation. According to the amended mittimus reflecting the new sentence, "probation [is] to terminate upon completion of [the] jail sentence." Ninety days from August 23, 2024, is November 21, 2024.

¶ 11    The table below summarizes the pertinent events:

| Sentences and Complaints | Relevant Information |
|---|---|
| Sentence 1 | June 2020 — Vasquez sentenced to three years of probation. |
| First Complaint to Revoke Probation | August 2021 — Allegations of positive, dilute, and missed UAs and a new charge. |

4

| Sentences and Complaints | Relevant Information |
|---|---|
| Sentence 2 | January 2022 — Probation revoked and reinstated for term of eighteen months with condition of forty-five days of in-home detention. |
| Second Complaint to Revoke Probation | September 2022 — Allegations of a new charge and missed UAs. |
| Sentence 3 | January 2023 — Probation revoked and reinstated for term of eighteen months. |
| Post-Appeal Complaints to Revoke Probation | September 2023 and April 2024 — Allegations of new charges incurred in August 2023, January 2024, and February 2024. |
| Sentence 4 | August 23, 2024 — Probation revoked and reinstated for term of ninety days, with ninety-day jail sentence as a condition of probation. |
| Conclusion of Vasquez's Jail Sentence | No later than November 21, 2024 (ninety days from August 23, 2024). |

¶ 12    On the same day that Vasquez was sentenced to ninety days in jail as a condition of his probation in this case, he was also sentenced to sixty days in jail and a year of probation in a separate case (Denver District Court case no. 23CR4958) after he pleaded guilty to trespass and violation of a protection order. A minute order entered in that case reflects that the sixty-day jail sentence

5

and the ninety-day jail sentence as a condition of probation in this case were to run concurrently.

## II.     Mootness

¶ 13     We requested supplemental briefing on whether the subsequent revocation and reinstatement of Vasquez's probation with jail as a condition of probation mooted his appeal of the court's January 2023 order revoking his probation.  After reviewing the parties' supplemental briefs, we conclude that this appeal is moot.

### A.     Applicable Law and Standard of Review

¶ 14     "Colorado courts invoke their judicial power only when an actual controversy exists."  *DePriest v. People*, 2021 CO 40, ¶ 8, 487 P.3d 658, 662 (quoting *People in Interest of Vivekanathan*, 2013 COA 143M, ¶ 20, 338 P.3d 1017, 1020).  A case is moot when any relief the court granted would have no practical effect on an actual controversy.  *Id.*  "If an event occurs while a case is pending on appeal that makes it 'impossible for the court to grant any effectual relief . . . to a prevailing party,' the appeal must then be dismissed as moot."  *Id.* (quoting *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992)).  But where the parties "have a concrete interest, however small, in the outcome of the litigation, the case is

not moot." *Id.* (quoting *Knox v. Serv. Emps. Int'l Union, Loc. 1000*, 567 U.S. 298, 307-08 (2012)).

¶ 15    "Because we must always satisfy ourselves that we have jurisdiction to hear an appeal, we may raise jurisdictional defects sua sponte, regardless of whether the parties have raised the issue." *People v. S.X.G.*, 2012 CO 5, ¶ 9, 269 P.3d 735, 737.  We review whether an appeal is moot de novo.  *DePriest*, ¶ 8, 487 P.3d at 662.

B.    This Appeal Is Moot Because Vasquez Completed His Sentence

¶ 16    In their supplemental brief, the People argue that this appeal would become moot on November 21, 2024, when Vasquez was scheduled to complete his sentence.  We agree.

¶ 17    "[A] defendant's appeal of an order revoking probation is rendered moot after the defendant completes the resulting term of imprisonment." *People v. Garcia*, 2014 COA 85, ¶ 10, 356 P.3d 913, 916.  Because Vasquez has completed his sentence and therefore will not face another probation revocation in this case, any relief this court could grant would have no practical effect on any actual controversy.  (The imposition of the jail sentence on August 23, 2024, may also have mooted this appeal because that sentence superseded the sentence imposed in January 2023.  *See People v.*

*Fritz*, 2014 COA 108, ¶ 23, 356 P.3d 927, 931.  Because this appeal indisputably became moot no later than November 21, 2024, when Vasquez completed his jail sentence, we resolve the appeal based on the significance of that date.)

> ### C.      No Exceptions to the Mootness Doctrine Apply

¶ 18      Vasquez argues that we should nevertheless review the merits of his appeal under any one of three exceptions to the mootness doctrine.

¶ 19      He first argues that his appeal is not moot because the challenged revocation will have collateral consequences.  "Under the collateral consequences exception to the mootness doctrine, a case is moot 'only if it is shown that there is no possibility that any collateral legal consequences will be imposed on the basis of the challenged conviction.'"  *DePriest*, ¶ 9, 487 P.3d at 662 (quoting *Sibron v. New York*, 392 U.S. 40, 57 (1968)).  "Even if a sentence has been fully served, an appeal *of the underlying conviction* is not moot if there is a possibility that the conviction will give rise to collateral consequences."  *Id.* at ¶ 10, 487 P.3d at 662 (emphasis added).  But where a defendant fully served his sentence, and the appeal only concerns that sentence and not the underlying

8

conviction, the appeal "may be moot" if "the relief sought cannot be afforded through the appeal." *Id.* at ¶ 11, 487 P.3d at 663.

¶ 20    Significantly, Vasquez does not challenge his underlying attempted assault conviction. Thus, he does not point to any collateral consequences that flow from that conviction. Instead, he argues that two collateral consequences arising from the *revocation and reinstatement of his probation in January 2023* "preclude a finding of mootness" — (1) the revocation "could impact a sentencing court's decision" if he were to face additional probation revocation complaints in case number 23CR4958, and (2) even if he did not face future revocations in that case, the revocation could nonetheless "negatively impact his upcoming treatment and supervision on probation." But Vasquez does not identify or further explain what those "negative impacts" could be.

¶ 21    A division of this court rejected a similar argument in *Garcia.* In that case, the division concluded that the "potential impact of [a] revocation order and sentence on possible later sentencing proceedings does not constitute a sufficient collateral consequence to defeat mootness." *Garcia,* ¶ 10, 356 P.3d at 916 (first quoting *United States v. Meyers,* 200 F.3d 715, 722 (10th Cir. 2000); then

citing *United States v. Probber*, 170 F.3d 345, 347-49 (2d Cir. 1999)).

¶ 22 In *Garcia* and the cases on which it relied, the courts declined to give weight to speculative collateral consequences when considering whether the case was moot. *See id.* at ¶ 10, 356 P.3d at 916; *Meyers*, 200 F.3d at 720; *Probber*, 170 F.3d at 349. For example, we will not speculate how a served sentence could impact the defendant if he were to violate the terms of his probation in the future. *See Spencer v. Kemna*, 523 U.S. 1, 14 (1998) ("[Petitioner] claims that the revocation could be used to his detriment in a future parole proceeding. This possibility is no longer contingent on petitioner's again violating the law . . . . But it is, nonetheless, still a possibility rather than a certainty or even a probability."); *Lane v. Williams*, 455 U.S. 624, 632 n.13 (1982) ("The parole violations that remain a part of respondents' records cannot affect a subsequent parole determination unless respondents again violate state law, are returned to prison, and become eligible for parole. Respondents themselves are able — and indeed required by law — to prevent such a possibility from occurring.").

¶ 23    Vasquez asserts that his appeal is distinguishable from those cases because he will be placed on probation in case number 23CR4958 upon his release from jail.  But the two collateral consequences that he argues could result from his probation revocation in this case remain speculative.  First, we will not assume that Vasquez will violate the terms of his probation, and thereby face future revocation proceedings, in case number 23CR4958.  And we will not speculate that his probation revocation in January 2023 could impact his sentence for a future probation violation that may never occur.  *See Garcia*, ¶ 10, 356 P.3d at 916; *see also Lane*, 455 U.S. at 633 (A sentencing judge's discretionary decisions "are not governed by the mere presence or absence of a recorded violation of parole; these decisions may take into consideration, and are more directly influenced by, the underlying conduct that formed the basis for the parole violation.").  Second, in his supplemental brief, Vasquez fails to explain the type of "negative impacts" he asserts he could experience while on probation in case number 23CR4958 as a consequence of his probation revocation in this case.  This is precisely the type of speculation that *Garcia* counsels us to avoid.

¶ 24    Vasquez next claims that we should review the merits of his appeal because the case is capable of repetition but evading review. "[A] court may reach the merits of an otherwise moot appeal if the case is capable of repetition yet evading review." *Garcia*, ¶ 22, 356 P.3d at 917.  We agree that whether a defendant's probation may be revoked based on his failure to submit UAs to a probation-department-approved facility is an issue capable of repetition.  But we disagree that the issue evades review.

¶ 25    Vasquez's commission of new offenses led to the revocation of the probation sentence that he challenges in this appeal and the three-month jail sentence that he has now served.  Vaquez's commission of new offenses was entirely within his control.

¶ 26    A future case involving a defendant who did not reoffend while on probation could squarely present the issue of whether a defendant's probation may be revoked if he provided his UAs to the wrong provider.  We acknowledge that a defendant's eighteen-month probation term (the term that would have remained in effect had Vasquez not reoffended) could expire during the pendency of an appeal raising that issue.  *See Walton v. People*, 2019 CO 95, ¶ 8, 451 P.3d 1212, 1215; *People v. Brockelman*, 933 P.2d 1315, 1318

(Colo. 1997). We are also cognizant, however, that Vasquez's appellate counsel requested and was granted two extensions to file the opening brief in this appeal. (The People requested and were granted another extension of time in this appeal.) Thus, it is not a foregone conclusion that an appeal in a case involving an eighteen-month probation term would evade review. In any event, Vasquez did not develop this argument in his supplemental brief. *See People v. Curtis*, 2021 COA 103, ¶ 36 n.3, 498 P.3d 677, 685 n.3 (declining to address an undeveloped argument).

¶ 27    Finally, Vasquez urges us to review the merits of his appeal because he claims it raises a matter of public importance. Appellate courts may review a moot case if it involves "a question of great public importance or an allegedly recurring constitutional violation." *Garcia*, ¶ 23, 356 P.3d at 917. While the issue of whether a defendant's probation may be revoked based on his failure to submit UAs to the correct facility may be important to probationers, we are not convinced that it rises to the same level of public importance as the issues presented in the cases applying this exception to the mootness doctrine. *See, e.g., Grossman v. Dean*, 80 P.3d 952, 960 (Colo. App. 2003) (applying the public

importance exception to interpret a state constitutional amendment adopted by ballot initiative); *People in Interest of Yeager*, 93 P.3d 589, 592 (Colo. App. 2004) (applying the exception to determine the authority of a guardian to execute a "do not resuscitate" order on an incapacitated person's behalf); *Bruce v. City of Colorado Springs*, 971 P.2d 679, 683 (Colo. App. 1998) (invoking the exception to determine the constitutionality of the Mail Ballot Election Act).

¶ 28     In addition, Vasquez does not allege that the probation department's requirement that probationers submit UAs to a specific facility results in a recurring constitutional violation. While he invokes his due process rights generally, the question on appeal that could recur concerns whether the challenged condition of probation is reasonably related to the purposes of probation, as section 18-1.3-204, C.R.S. 2024, requires. *Cf. People v. Devorss*, 277 P.3d 829, 834 (Colo. App. 2011) (applying the mootness exception to review a defendant's contention that a condition of probation was unconstitutionally vague as applied to him).

¶ 29     For these reasons, we conclude that Vasquez's appeal is moot and no exception to the mootness doctrine warrants review of his arguments on the merits.

## III. Disposition

¶ 30    The appeal is dismissed.

JUDGE J. JONES and JUDGE SULLIVAN concur.