23CA1294 Peo v Atencio 01-22-2026

COLORADO COURT OF APPEALS

Court of Appeals No. 23CA1294
Jefferson County District Court No. 20CR2437
Honorable Meegan A. Miloud, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Lila Ann Atencio,

Defendant-Appellant.

ORDER AFFIRMED

Division VII
Opinion by JUDGE PAWAR
Gomez and Martinez*, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced January 22, 2026

Philip J. Weiser, Attorney General, Emmy A. Langley, Senior Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee

Evan W. Jones, Alternate Defense Counsel, Denver, Colorado, for Defendant-Appellant

*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24-51-1105, C.R.S. 2025.

¶ 1     The prosecution charged defendant, Lila Ann Atencio, with numerous offenses arising from her role in concealing and mutilating the remains of a murder victim.  Pursuant to a plea agreement, Atencio pleaded guilty to accessory to first degree murder and conspiracy to commit tampering with a deceased human body.  In exchange, the prosecution dismissed the remaining counts and stipulated to a six-year probationary sentence.  As a condition of probation, the district court ordered two years of work release.  The court ordered the conviction and probation sentence nunc pro tunc to the date of the guilty plea but declined to attribute credit for Atencio's presentence confinement to the work release condition.

¶ 2     Atencio filed a motion with the district court which she labeled as a motion to correct an illegal sentence.  The court denied the motion, concluding that it was not required to apply presentence confinement credit to probation sentences or to the conditions of probation and, alternatively, finding that the motion was untimely.

¶ 3     Atencio appeals, challenging the court's refusal to apply presentence confinement credit to her sentence — specifically, to

the two-year term of work release. Because we conclude her motion was untimely, we affirm.

¶ 4 Atencio contends that because her probationary sentence was ordered nunc pro tunc, the days she spent in jail before sentencing must count against her work release condition. She argues that this time "should be construed as part of her sentence and deducted from the remaining time she could be ordered to serve in work release, not conventional presentence confinement, because the sentence began when the plea agreement was entered into."

¶ 5 Although Atencio styled her motion as a motion to correct an illegal sentence, the substance of her motion dictates the applicable rule. *See People v. Collier*, 151 P.3d 668, 670 (Colo. App. 2006). Atencio challenges the court's decision not to apply presentence confinement credit to a condition of probation. And, from our review of the record, it does not appear that the parties' agreement specifically required the court to give her this credit. Regardless, a challenge to the failure to apply presentence confinement credit is a challenge to the manner, not the legality, of her sentence. *People v. Baker*, 2019 CO 97M, ¶¶ 19-20. Indeed, Atencio appears to

2

concede that "[t]his appeal is . . . a challenge to the manner in which the court imposed" her sentence.

¶ 6 The probation sentence was imposed on May 5, 2022; thus, the deadline to file an illegal manner claim was September 8, 2022. *See* Crim. P. 35(a)-(b); *Snow v. People*, 2025 CO 32, ¶ 1 ("Although a trial court may correct a sentence not authorized by law or imposed without jurisdiction at any time, it may correct a sentence imposed in an illegal manner only within 126 days after the sentence is imposed." (citing Crim. P. 35(a)-(b))). Accordingly, Atencio's illegal manner claim — filed on March 30, 2023 — was more than six months out of time.

¶ 7      Because Atencio filed her Rule 35(a) motion after the 126-day deadline had passed, the district court properly denied the motion as untimely.[1]

¶ 8      The order is affirmed.

JUDGE GOMEZ and JUSTICE MARTINEZ concur.

---

[1] We would similarly reject Atencio's appeal as moot. After Atencio's probation was revoked, she was sentenced to prison with credit for her presentence confinement. Even if the lack of presentence confinement credit in her original sentence was problematic, this issue became moot once the court vacated that sentence and imposed a new one that awarded her presentence confinement credit. *See People v. Fritz*, 2014 COA 108, ¶ 23. As for her assertion that her claim is not moot because the court's alleged error carries significant collateral consequences, we disagree. Her abstract and purely speculative argument does not establish that there is a "reasonable possibility" that the judgment may result in significant collateral consequences. *People in Interest of C.G.*, 2015 COA 106, ¶¶ 13, 16.